**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ZOND, INC., )<br><br>　　　*Plaintiff*, )<br><br>v. )<br><br>FUJITSU SEMICONDUCTOR LIMITED, )<br>FUJITSU SEMICONDUCTOR AMERICA, INC., )<br>TAIWAN SEMICONDUCTOR )<br>MANUFACTURING COMPANY, LIMITED, )<br>TSMC NORTH AMERICA CORP., TSMC )<br>DEVELOPMENT, INC., and WAFERTECH, )<br>LLC, )<br><br>　　　*Defendants*. )<br> ) | Civil Action No. 13-cv-11634-WGY<br><br>**JURY TRIAL DEMANDED** |

**SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Zond, Inc. ("Zond") files this Second Amended Complaint for Patent

Infringement against Defendants Fujitsu Semiconductor Limited, Fujitsu Semiconductor

America, Inc. (collectively, "Fujitsu"), Taiwan Semiconductor Manufacturing Company,

Limited, TSMC North America Corp., TSMC Development, Inc., and Wafertech, LLC

(collectively, "TSMC"), wherein, pursuant to 35 U.S.C. §§ 271 and 281, Zond seeks a judgment

of infringement by Fujitsu and TSMC of U.S. Patent Nos. 6,853,142 (the "'142 Patent"),

6,806,652 (the "'652 Patent"), 7,604,716 (the "'716 Patent"), 7,147,759 (the "'759 Patent"),

7,811,421 (the "'421 Patent"), 6,805,779 (the "'779 Patent"), and 7,808,184 (the "'184 Patent"),

and damages resulting therefrom pursuant to 35 U.S.C. § 284, as well as preliminary and

permanent injunction of the infringing activity pursuant to 35 U.S.C. § 283, and such other relief

as the Court deems just and proper, and in support thereof alleges as follows:

## The Parties

1.      Zond is a Delaware corporation with a principal place of business at 137A High Street, Mansfield, MA 02048.  Zond wholly owns Zpulser, LLC ("Zpulser"), also based in Mansfield, MA.  Zpulser commercializes Zond's patented technology by manufacturing and selling unique high-power plasma generators.

2.      On information and belief, Defendant Fujitsu Semiconductor Limited is a Japanese corporation with its principal place of business at Nomura Shin-Yokohama Bldg., 2-10-23 Shin-Yokohama, Kohoku-Ku Yokohama, Kanagawa, Japan.  On information and belief, Fujitsu Semiconductor Limited is a wholly owned subsidiary of Fujitsu Limited and is controlled by and/or acts as an agent of Fujitsu Limited.

3.      On information and belief, Defendant Fujitsu Semiconductor America, Inc., is a California corporation with its principle place of business at 1250 E. Arques Ave, M/S 333, Sunnyvale, CA 94085-5401.   On information and belief, Fujitsu Semiconductor America, Inc. is a wholly owned subsidiary of Fujitsu Semiconductor Limited and is controlled by and/or acts as an agent of Fujitsu Limited and Fujitsu Semiconductor Limited.

4.      On information and belief, Defendant Taiwan Semiconductor Manufacturing Company, Ltd. ("TSMC Ltd.") is a company organized under the laws of Taiwan that maintains its principle place of business at No. 8, Li-Hsin Road 6, Hsinchu Science Park, Hsinchu, Taiwan 30077.  On information and belief, TSMC Ltd. conducts business in the United States through its wholly owned subsidiaries, the relevant ones of which are also named defendants in this action.

5.      On information and belief, Defendant TSMC North America ("TSMC-NA") is a California corporation with its principle place of business at 2585 Junction Avenue, San Jose, CA 95134.  On information and belief, TSMC-NA is wholly owned by TSMC Ltd., and serves

as TSMC's exclusive sales agent in North and South America.

6.      On information and belief, Defendant TSMC Development, Inc. ("TSMC-Dev") is a Delaware corporation with its principle place of business at 5509 NW Parker Street, Camas, WA 98607.  On information and belief, TSMC-Dev can be served through its registered agent, Corporation Service Company, 2711 Centerville Rd, Ste 400, Wilmington, DE 19808.  On information and belief, TSMC-Dev is a wholly owned subsidiary of TSMC Ltd.

7.      On information and belief, Defendant Wafertech, LLC ("Wafertech") is a Delaware limited liability company with its principle place of business at 5509 NW Parker Street, Camas, WA 98067.  On information and belief, Wafertech can be served through its registered agent, Corporation Service Company, 2711 Centerville Rd, Ste 400, Wilmington, DE 19808.  On information and belief, Wafertech is a wholly owned subsidiary of TSMC Ltd.

8.      Fujitsu has represented that Fujitsu Limited is not an operational entity.  In light of this representation, and without waiving any rights, Zond has amended its complaint in this action to remove Fujitsu Limited as a named defendant.

## Jurisdiction and Venue

9.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because the action concerns infringement of a United States patent.

10.     This Court has personal jurisdiction over Fujitsu at least by virtue of Fujitsu having conducted business in this District and having committed one or more acts of infringement in this District.

11.     This Court has personal jurisdiction over TSMC due to their substantial business in this forum by having offered for sale and/or sold products made by an infringing process in this District, having purposely imported/shipped or caused to be imported/shipped products made

by an infringing process into this District and/or having committed acts in this District that are subject of the counts set forth herein.

12.      Venue is proper under 28 U.S.C. §§ 1391 and 1400.

**The Seven (7) Patents-in-Suit**

13.      Zond is the owner of the '142 Patent entitled "Methods and Apparatus for Generating High-Density Plasma," which the United States Patent & Trademark Office lawfully and duly issued on February 8, 2005. A true and correct copy of the '142 Patent is attached hereto as Exhibit A.

14.      Zond is the owner of the '652 Patent entitled "High-Density Plasma Source Using Excited Atoms," which the United States Patent & Trademark Office lawfully and duly issued on October 19, 2004. A true and correct copy of the '652 Patent is attached hereto as Exhibit B.

15.      Zond is the owner of the '716 Patent entitled "Methods and Apparatus for Generating High-Density Plasma," which the United States Patent & Trademark Office lawfully and duly issued on October 20, 2009. A true and correct copy of the '716 Patent is attached hereto as Exhibit C.

16.      Zond is the owner of the '759 Patent entitled "High-Power Pulsed Magnetron Sputtering," which the United States Patent & Trademark Office lawfully and duly issued on December 12, 2006. A true and correct copy of the '759 Patent is attached hereto as Exhibit D.

17.      Zond is the owner of the '421 Patent entitled "High Deposition Rate Sputtering," which the United States Patent & Trademark Office lawfully and duly issued on October 12, 2010. A true and correct copy of the '421 Patent is attached hereto as Exhibit E.

18.      Zond is the owner of the '779 Patent entitled "Plasma Generation Using Multi-Step Ionization," which the United States Patent & Trademark Office lawfully and duly issued

4

on October 19, 2004.  A true and correct copy of the '779 Patent is attached hereto as Exhibit F.

19.     Zond is the owner of the '184 Patent entitled "Methods and Apparatus for Generating Strongly-Ionized Plasmas with Ionizational Instabilities," which the United States Patent & Trademark Office lawfully and duly issued on October 5, 2010.  A true and correct copy of the '184 Patent is attached hereto as Exhibit G.

## FACTUAL BACKGROUND

### 1.     Zond's Patented Technology

20.     Founded in 2002, Zond is a technology development company based outside of Boston in Mansfield, Massachusetts.  With its President and Co-Founder Dr. Roman Chistyakov at the helm, Zond has been developing a unique plasma discharge technology, which is protected by over 30 patents and patent applications pending throughout the world, including 18 patents that have issued in the United States.  Dr. Chistyakov is the named inventor on all seven (7) of Zond's patents-in-suit.  These patents are generally directed to the generation, use and/or applications of a unique plasma discharge technology that employs a strongly ionized plasma of commercial significance and has wide-ranging applicability in various industries, as described further below.

21.     In 2005, Zpulser was created as the marketing and sales arm of Zond to commercialize Zond's patented technology.  Zpulser offers a revolutionary product line of plasma generators that are commercially practicable and allow for use of the technology in an industrial manufacturing environment.  For example, Zpulser's plasma generators address the importance of voltage rise time, amplitude and/or duration for generating and using strongly ionized plasmas without the detrimental effects of arc discharges, in a manufacturing environment.

22.     Zond's strongly ionized plasma technology has application in various industries ranging from consumer products such as razor blades to electronics such as semiconductor chips and flat panel displays, which provides numerous competitive advantages over alternative and older technology.  For example, in the semiconductor chip industry, Zond's patented technology allows certain types of strongly ionized plasmas to be generated in an industrial manufacturing environment.  Such plasmas can be used for certain critical manufacturing steps for semiconductor chips made using the latest generation of 32 nm and smaller semiconductor process technology.  These applications range from forming the critical copper-based interconnects to the unique transistor structures necessary in these new generations of chips.

23.     In particular, Zond's patented technology is an enabling technology that can be used to fabricate such chips using a copper interconnect process with exceptional step coverage and seed layer integrity at lower cost per wafer than alternative technologies.  The process provides a way to deposit effective barrier and seed layers for the critical interconnects used in chips manufactured using 32 nm and smaller semiconductor process technology.  For example, the manufacturing process for such barrier and seed layers require a way to generate a high-density plasma in order to increase the ionization rate of the sputtered materials such as tantalum, titanium and copper (and other alloys) for use in high-aspect ratio deposition processes.  Zond's patented technology can be used to generate such materials, thus facilitating the speed and reliability of the critical copper interconnects needed for chips manufactured using 32 nm and smaller process technology.

24.     In addition, Zond's patented technology can be used to deposit the metal films that form the heart of the semiconductor industry's smaller, faster, metal gate transistors manufactured using 32 nm and smaller process technology.  Over the past few years, as

transistor devices have scaled down, higher aspect ratios have made it more difficult for conventional plasma technology to fill narrow and deep structures while avoiding plasma damage. Zond's patented technology has provided a unique strongly ionized plasmas that has enabled such narrow and deep structures to be filled with the necessary metals in a cost-effective manner. For example, Zond's patented technology allows consistent layers of metal such as NiPt (and other alloys) to be formed at the bottom of the narrow and deep contact holes necessary for chips manufactured using 32 nm and smaller process technology. Zond's patented technology can be used to generate the high-density plasmas in order to increase the ionization rate of the sputtered material needed in such deposition processes.

### 2.    Fujitsu's Infringing Products

25.    Fujitsu is a designer and developer of semiconductor products and solutions for consumer, communications, automotive and industrial products including integrated circuits made from Complimentary Metal-Oxide Semiconductor devices ("CMOS devices"), analog to digital converters ("ADC"), application specific integrated circuit ("ASIC") solutions graphics display controllers, embedded MCUs and controllers, video and image processors, analog devices, wireless ICs, memory solutions as well as numerous other electronic devices.

26.    Fujitsu's devices are constructed using semiconductor circuit technology. This technology, along with related advances in semiconductor processing, allows Fujitsu to manufacture devices and transistors at smaller and smaller distances between relevant components resulting in higher density and more complex circuits.

27.    Fujitsu's integrated circuit manufacturing continues to use techniques that use smaller and smaller features for various product cycles. The size of the smallest parts of a transistor is generally referred to by Fujitsu as a "node." Upon information and belief, Fujitsu's

smallest manufacturing nodes being currently marketed are 32 and 28 nanometers ("nm").  A move to devices using smaller manufacturing nodes is expected in the near future.

28.    In order to manufacture circuit devices at the 32 and 28 nm and smaller nodes ("Accused Nodes"), unique manufacturing processes had to be developed by or for Fujitsu that, on information and belief, employ Zond's patented technology for generating and using strongly ionized plasmas in a manufacturing environment.  On information and belief, the infringing devices include those made using process steps that employ strongly ionized plasmas including, but not limited to, processes for depositing interconnects and contacts, as described above in paragraph 23 of this Second Amended Complaint and metal for metal gate transistors, as described above in paragraph 24 of this Second Amended Complaint, as well as other methods of generating and using strongly ionized plasmas to form 32 and 28 nm node and smaller devices. The infringing chips include Fujitsu's 32 and 28 nm node and smaller devices including, but not limited to, integrated circuits made from CMOS devices, ASIC devices as well as other semiconductor devices within the Accused Nodes (collectively, the "Fujitsu Infringing Products").  The Fujitsu Infringing Products include, but are not limited to, the following types of offerings:  its 8-bit, 28nm CMOS ADCs (based on Fujitsu's CHAIS architecture) and 28 nm ASIC devices.  Discovery is expected to uncover the full extent of Fujitsu's unlawful use of Zond's patented plasma technology beyond these accused devices already identified through public information.

29.    Upon information and belief, magnetron sputtering is used in the manufacturing of Fujitsu's Infringing Products.

30.    Upon information and belief, high-density plasmas are used in the manufacturing of Fujitsu's Infringing Products.

31.    Upon information and belief, weakly-ionized plasmas are used in the manufacturing of Fujitsu's Infringing Products.

32.    Upon information and belief, strongly-ionized plasmas are used in the manufacturing of Fujitsu's Infringing Products.

33.    Upon information and belief, the strongly-ionized plasmas used in the manufacturing of Fujitsu's Infringing Products do not have the detrimental effects of arc discharges.

34.    Upon information and belief, magnetron sputtering is used to form metal interconnects in Fujitsu's Infringing Products.

35.    Upon information and belief, magnetron sputtering is used to deposit metal films used to form the transistors that make up Fujitsu's Infringing Products.

36.    Upon information and belief, Fujitsu has had knowledge of Zond's patented technology, including the Patents-in-Suit, prior to the initiation of this action.  Specifically, upon information and belief, Fujitsu has attended and participated in numerous industry conferences, including without limitation the 2007 SEMICON WEST in the United States, where Zond's patented technology was showcased, including through presentations and marketing materials identifying the Patents-in-Suit.  Upon information and belief, Fujitsu became aware of Zond's patented technology, including the Patents-in-Suit, at least through these presentations and marketing materials.

37.    Additionally, Fujitsu has had knowledge of the Patents-in-Suit since at least July 9, 2013, when it was served with the original complaint in this action accompanied by a copy of each of the Patents-in-Suit

### 3.    TSMC's Infringing Products and Processes

38.    TSMC is a dedicated contract manufacturer of semiconductor products and solutions for computer, communications, and consumer electronic products and offers wafer fabrication processes including, but not limited to:  embedded non-volatile memory process; embedded dynamic random access memory process; mixed signal / radio frequency process; high voltage process; complementary metal-oxide semiconductor image sensor process; color filter process, micro electro-mechanical system process and silicon germanium process.

39.    TSMC's wafer fabrication continues to use techniques that use smaller and smaller features for various product cycles.  The size of the smallest parts of a transistor is generally referred to by TSMC as a "node."  Upon information and belief, TSMC's smallest manufacturing nodes currently marketed are 28 and newly developed 20 nm.

40.    In order to manufacture circuit devices at the 28 and 20 nm and smaller nodes, unique manufacturing processes had to be developed by or for TSMC that, on information and belief, employ Zond's patented technology for generating and using strongly ionizing plasmas in a manufacturing environment ("TSMC Infringing Products").  On information and belief, the TSMC Infringing Products are manufactured using process steps that employ strongly ionized plasmas, including, but not limited to, processes for depositing interconnects and contacts, as described above in paragraph 23 of this Second Amended Complaint, and metal for metal gate transistors, as described above in paragraph 24 of this Second Amended Complaint, as well as other methods of generating and using strongly ionized plasmas to form 28 and 20 nm node and smaller devices.  The accused devices include all TSMC wafers produced by an infringing process that, when separated into individual infringing chips, are incorporated into any and all Fujitsu Infringing Products.  Discovery is expected to uncover the full extent of TSMC's unlawful use of Zond's patented plasma technology beyond these accused devices already

identified through public information.

41.    Upon information and belief, magnetron sputtering is used in the manufacturing of TSMC's Infringing Products.

42.    Upon information and belief, high-density plasmas are used in the manufacturing of TSMC's Infringing Products.

43.    Upon information and belief, weakly-ionized plasmas are used in the manufacturing of TSMC's Infringing Products.

44.    Upon information and belief, strongly-ionized plasmas are used in the manufacturing of TSMC's Infringing Products.

45.    Upon information and belief, the strongly-ionized plasmas used in the manufacturing of TSMC's Infringing Products do not have the detrimental effects of arc discharges.

46.    Upon information and belief, magnetron sputtering is used to form metal interconnects in TSMC's Infringing Products.

47.    Upon information and belief, magnetron sputtering is used to deposit metal films used to form the transistors that make up TSMC's Infringing Products.

48.    Upon information and belief, TSMC has had knowledge of Zond's patented technology, including the Patents-in-Suit, prior to the initiation of this action.  Specifically, upon information and belief, TSMC has attended and participated in numerous industry conferences, including without limitation the 2007 SEMICON WEST in the United States, where Zond's patented technology was showcased, including through presentations and marketing materials identifying the Patents-in-Suit.  Upon information and belief, TSMC became aware of Zond's patented technology, including the Patents-in-Suit, at least through these presentations and

marketing materials.

49.     Additionally, TSMC have had knowledge of the Patents-in-Suit since at least

September 5, 2013, when it was served with the original complaint in this action accompanied by

a copy of each of the Patents-in-Suit.

**FIRST CLAIM FOR RELIEF**
**(Fujitsu's Infringement of the '142 Patent)**

50.     Zond incorporates by reference paragraphs 1 through 37 as if set forth here in full.

51.     Upon information and belief, Fujitsu has been and is currently directly infringing

one or more claims of the '142 Patent by using, offering to sell and selling within the United

States, and importing into the United States, without authority, the Infringing Products, including

without limitation under 35 U.S.C. 271(g).

52.     Upon information and belief, upon knowledge of the '142 Patent, Fujitsu has been

inducing infringement of the '142 Patent by, among other things, knowingly and with intent,

actively encouraging its customers, suppliers, original equipment manufacturers ("OEMs") and

original design manufacturers ("ODMs"), to use, sell, offer for sale, and import Fujitsu's

Infringing Products in a manner that constitutes infringement of one or more claims of the '142

Patent.  For example, upon information and belief, Fujitsu is manufacturing its Infringing

Products made by Zond's patented processes, including without limitation by the process in

accordance with Claim 31 of the '142 Patent.  Further, upon information and belief, Fujitsu

actively entices its OEMs and ODMs through advertising, marketing and sales activity to use

Fujitsu's Infringing Products as part of their own infringing products and to sell, offer for sale,

and import those infringing products containing Fujitsu's Infringing Products in the United

States.  Upon information and belief, Fujitsu's OEMs and ODMs directly infringe the '142

Patent by using, selling, offering for sale, and importing in the United States products containing

Fujitsu's Infringing Products.  Upon information and belief, Fujitsu knows that by using, selling, offering for sale, and importing such products its OEMs and ODMs directly infringe the '142 Patent.  Upon information and belief, this inducing activity is ongoing and has not stopped since the initiation of this action.  As stated in paragraphs 36 and 37 above, upon information and belief, Fujitsu has had knowledge of the '142 Patent prior to the initiation of this action, and was provided additional notice of the '142 Patent on July 9, 2013.

53.    Given Fujitsu's knowledge of the '142 Patent as pleaded in paragraphs 36 and 37 above, Fujitsu's continued use, offers to sell, sales, and importation of the Infringing Products in the United States since it became aware of the '142 Patent demonstrate a deliberate and conscious decision to infringe the '142 Patent or, at the very least, a reckless disregard of Zond's patent rights.  Upon information and belief, despite its knowledge of the '142 Patent, Fujitsu has made the decision to continue to infringe the '142 Patent.  All infringement following Fujitsu's knowledge of the '142 Patent is willful and Zond is entitled to treble damages and attorneys' fees and costs incurred in this action, along with prejudgment interest under 35 U.S.C. §§ 284, 285.

54.    As a result of Fujitsu's infringement of the '142 Patent, Zond has suffered and will continue to suffer damage.  Zond is entitled to recover from Fujitsu the damages adequate to compensate for such infringement, which have yet to be determined.

55.    Fujitsu will continue to infringe the '142 Patent unless and until it is enjoined by this Court.

56.    Fujitsu's acts of infringement have caused and will continue to cause irreparable harm to Zond unless and until Fujitsu is enjoined by this Court.

## SECOND CLAIM FOR RELIEF
### (Fujitsu's Infringement of the '652 Patent)

57.    Zond incorporates by reference paragraphs 1 through 37 and 50 through 56 as if

set forth here in full.

58.    Upon information and belief, Fujitsu has been and is currently directly infringing one or more claims of the '652 Patent by making, using, offering to sell, and/or selling within the United States, and/or importing into the United States, without authority, the Fujitsu Infringing Products, including without limitation under 35 U.S.C. 271(g).

59.    Upon information and belief, upon knowledge of the '652 Patent, Fujitsu has been inducing infringement of the '652 Patent by, among other things, knowingly and with intent, actively encouraging its customers, suppliers, original equipment manufacturers ("OEMs") and original design manufacturers ("ODMs"), to use, sell, offer for sale, and import Fujitsu's Infringing Products in a manner that constitutes infringement of one or more claims of the '652 Patent.  For example, upon information and belief, Fujitsu is manufacturing its Infringing Products made by Zond's patented processes, including without limitation by the process in accordance with Claim 18 of the '652 Patent.  Further, upon information and belief, Fujitsu actively entices its OEMs and ODMs through advertising, marketing and sales activity to use Fujitsu's Infringing Products as part of their own infringing products and to sell, offer for sale, and import those infringing products containing Fujitsu's Infringing Products in the United States.  Upon information and belief, Fujitsu's OEMs and ODMs directly infringe the '652 Patent by using, selling, offering for sale, and importing in the United States products containing Fujitsu's Infringing Products.  Upon information and belief, Fujitsu knows that by using, selling, offering for sale, and importing such products its OEMs and ODMs directly infringe the '652 Patent.  Upon information and belief, this inducing activity is ongoing and has not stopped since the initiation of this action.  As stated in paragraphs 36 and 37 above, upon information and belief, Fujitsu has had knowledge of the '652 Patent prior to the initiation of this action, and was

provided additional notice of the '652 Patent on July 9, 2013.

60.    Given Fujitsu's knowledge of the '652 Patent as pleaded in paragraphs 36 and 37 above, Fujitsu's continued use, offers to sell, sales, and importation of the Infringing Products in the United States since it became aware of the '652 Patent demonstrate a deliberate and conscious decision to infringe the '652 Patent or, at the very least, a reckless disregard of Zond's patent rights.  Upon information and belief, despite its knowledge of the '652 Patent, Fujitsu has made the decision to continue to infringe the '652 Patent.  All infringement following Fujitsu's knowledge of the '652 Patent is willful and Zond is entitled to treble damages and attorneys' fees and costs incurred in this action, along with prejudgment interest under 35 U.S.C. §§ 284, 285.

61.    As a result of Fujitsu's infringement of the '652 Patent, Zond has suffered and will continue to suffer damage.  Zond is entitled to recover from Fujitsu the damages adequate to compensate for such infringement, which have yet to be determined.

62.    Fujitsu will continue to infringe the '652 Patent unless and until it is enjoined by this Court.

63.    Zond has been and will continue to be damaged and irreparably injured unless this Court enjoins Fujitsu's infringing activities.

## THIRD CLAIM FOR RELIEF
### (Fujitsu's Infringement of the '716 Patent)

64.    Zond incorporates by reference paragraphs 1 through 37 and 50 through 63 as if set forth here in full.

65.    Upon information and belief, Fujitsu has been and is currently directly infringing one or more claims of the '716 Patent by making, using, offering to sell, and/or selling within the United States, and/or importing into the United States, without authority, the Fujitsu Infringing Products, including without limitation under 35 U.S.C. 271(g).

66.     Upon information and belief, upon knowledge of the '716 Patent, Fujitsu has been inducing infringement of the '716 Patent by, among other things, knowingly and with intent, actively encouraging its customers, suppliers, original equipment manufacturers ("OEMs") and original design manufacturers ("ODMs"), to use, sell, offer for sale, and import Fujitsu's Infringing Products in a manner that constitutes infringement of one or more claims of the '716 Patent.  For example, upon information and belief, Fujitsu is manufacturing its Infringing Products made by Zond's patented processes, including without limitation by the process in accordance with Claim 14 of the '716 Patent.  Further, upon information and belief, Fujitsu actively entices its OEMs and ODMs through advertising, marketing and sales activity to use Fujitsu's Infringing Products as part of their own infringing products and to sell, offer for sale, and import those infringing products containing Fujitsu's Infringing Products in the United States.  Upon information and belief, Fujitsu's OEMs and ODMs directly infringe the '716 Patent by using, selling, offering for sale, and importing in the United States products containing Fujitsu's Infringing Products.  Upon information and belief, Fujitsu knows that by using, selling, offering for sale, and importing such products its OEMs and ODMs directly infringe the '716 Patent.  Upon information and belief, this inducing activity is ongoing and has not stopped since the initiation of this action.  As stated in paragraphs 36 and 37 above, upon information and belief, Fujitsu has had knowledge of the '716 Patent prior to the initiation of this action, and was provided additional notice of the '716 Patent on July 9, 2013.

67.     Given Fujitsu's knowledge of the '716 Patent as pleaded in paragraphs 36 and 37 above, Fujitsu's continued use, offers to sell, sales, and importation of the Infringing Products in the United States since it became aware of the '716 Patent demonstrate a deliberate and conscious decision to infringe the '716 Patent or, at the very least, a reckless disregard of Zond's

patent rights.  Upon information and belief, despite its knowledge of the '716 Patent, Fujitsu has

made the decision to continue to infringe the '716 Patent.  All infringement following Fujitsu's

knowledge of the '716 Patent is willful and Zond is entitled to treble damages and attorneys' fees

and costs incurred in this action, along with prejudgment interest under 35 U.S.C. §§ 284, 285.

68.     As a result of Fujitsu's infringement of the '716 Patent, Zond has suffered and

will continue to suffer damage.  Zond is entitled to recover from Fujitsu the damages adequate to

compensate for such infringement, which have yet to be determined.

69.     Fujitsu will continue to infringe the '716 Patent unless and until it is enjoined by

this Court.

70.     Zond has been and will continue to be damaged and irreparably injured unless this

Court enjoins Fujitsu's infringing activities.

### FOURTH CLAIM FOR RELIEF
### (Fujitsu's Infringement of the '759 Patent)

71.     Zond incorporates by reference paragraphs 1 through 37 and 50 through 70 as if

set forth here in full.

72.     Upon information and belief, Fujitsu has been and is currently directly infringing

one or more claims of the '759 Patent by making, using, offering to sell, and/or selling within the

United States, and/or importing into the United States, without authority, the Fujitsu Infringing

Products, including without limitation under 35 U.S.C. 271(g).

73.     Upon information and belief, upon knowledge of the '759 Patent, Fujitsu has been

inducing infringement of the '759 Patent by, among other things, knowingly and with intent,

actively encouraging its customers, suppliers, original equipment manufacturers ("OEMs") and

original design manufacturers ("ODMs"), to use, sell, offer for sale, and import Fujitsu's

Infringing Products in a manner that constitutes infringement of one or more claims of the '759

Patent.  For example, upon information and belief, Fujitsu is manufacturing its Infringing

Products made by Zond's patented processes, including without limitation by the process in

accordance with Claim 20 of the '759 Patent.  Further, upon information and belief, Fujitsu

actively entices its OEMs and ODMs through advertising, marketing and sales activity to use

Fujitsu's Infringing Products as part of their own infringing products and to sell, offer for sale,

and import those infringing products containing Fujitsu's Infringing Products in the United

States.  Upon information and belief, Fujitsu's OEMs and ODMs directly infringe the '759

Patent by using, selling, offering for sale, and importing in the United States products containing

Fujitsu's Infringing Products.  Upon information and belief, Fujitsu knows that by using, selling,

offering for sale, and importing such products its OEMs and ODMs directly infringe the '759

Patent.  Upon information and belief, this inducing activity is ongoing and has not stopped since

the initiation of this action.  As stated in paragraphs 36 and 37 above, upon information and

belief, Fujitsu has had knowledge of the '759 Patent prior to the initiation of this action, and was

provided additional notice of the '759 Patent on July 9, 2013.

   74. Given Fujitsu's knowledge of the '759 Patent as pleaded in paragraphs 36 and 37

above, Fujitsu's continued use, offers to sell, sales, and importation of the Infringing Products in

the United States since it became aware of the '759 Patent demonstrate a deliberate and

conscious decision to infringe the '759 Patent or, at the very least, a reckless disregard of Zond's

patent rights.  Upon information and belief, despite its knowledge of the '759 Patent, Fujitsu has

made the decision to continue to infringe the '759 Patent.  All infringement following Fujitsu's

knowledge of the '759 Patent is willful and Zond is entitled to treble damages and attorneys' fees

and costs incurred in this action, along with prejudgment interest under 35 U.S.C. §§ 284, 285.

   75. As a result of Fujitsu's infringement of the '759 Patent, Zond has suffered and

will continue to suffer damage. Zond is entitled to recover from Fujitsu the damages adequate to compensate for such infringement, which have yet to be determined.

76.    Fujitsu will continue to infringe the '759 Patent unless and until it is enjoined by this Court.

77.    Zond has been and will continue to be damaged and irreparably injured unless this Court enjoins Fujitsu's infringing activities.

## FIFTH CLAIM FOR RELIEF
### (Fujitsu's Infringement of the '421 Patent)

78.    Zond incorporates by reference paragraphs 1 through 37 and 50 through 77 as if set forth here in full.

79.    Upon information and belief, Fujitsu has been and is currently directly infringing one or more claims of the '421 Patent by making, using, offering to sell, and/or selling within the United States, and/or importing into the United States, without authority, the Fujitsu Infringing Products, including without limitation under 35 U.S.C. 271(g).

80.    Upon information and belief, upon knowledge of the '421 Patent, Fujitsu has been inducing infringement of the '421 Patent by, among other things, knowingly and with intent, actively encouraging its customers, suppliers, original equipment manufacturers ("OEMs") and original design manufacturers ("ODMs"), to use, sell, offer for sale, and import Fujitsu's Infringing Products in a manner that constitutes infringement of one or more claims of the '421 Patent. For example, upon information and belief, Fujitsu is manufacturing its Infringing Products made by Zond's patented processes, including without limitation by the process in accordance with Claim 34 of the '421 Patent. Further, upon information and belief, Fujitsu actively entices its OEMs and ODMs through advertising, marketing and sales activity to use Fujitsu's Infringing Products as part of their own infringing products and to sell, offer for sale,

and import those infringing products containing Fujitsu's Infringing Products in the United

States. Upon information and belief, Fujitsu's OEMs and ODMs directly infringe the '421

Patent by using, selling, offering for sale, and importing in the United States products containing

Fujitsu's Infringing Products. Upon information and belief, Fujitsu knows that by using, selling,

offering for sale, and importing such products its OEMs and ODMs directly infringe the '421

Patent. Upon information and belief, this inducing activity is ongoing and has not stopped since

the initiation of this action. As stated in paragraphs 36 and 37 above, upon information and

belief, Fujitsu has had knowledge of the '421 Patent prior to the initiation of this action, and was

provided additional notice of the '421 Patent on July 9, 2013.

81.    Given Fujitsu's knowledge of the '421 Patent as pleaded in paragraphs 36 and 37

above, Fujitsu's continued use, offers to sell, sales, and importation of the Infringing Products in

the United States since it became aware of the '421 Patent demonstrate a deliberate and

conscious decision to infringe the '421 Patent or, at the very least, a reckless disregard of Zond's

patent rights. Upon information and belief, despite its knowledge of the '421 Patent, Fujitsu has

made the decision to continue to infringe the '421 Patent. All infringement following Fujitsu's

knowledge of the '421 Patent is willful and Zond is entitled to treble damages and attorneys' fees

and costs incurred in this action, along with prejudgment interest under 35 U.S.C. §§ 284, 285.

82.    As a result of Fujitsu's infringement of the '421 Patent, Zond has suffered and

will continue to suffer damage. Zond is entitled to recover from Fujitsu the damages adequate to

compensate for such infringement, which have yet to be determined.

83.    Fujitsu will continue to infringe the '421 Patent unless and until it is enjoined by

this Court.

84.    Zond has been and will continue to be damaged and irreparably injured unless this

Court enjoins Fujitsu's infringing activities.

## SIXTH CLAIM FOR RELIEF
### (Fujitsu's Infringement of the '779 Patent)

85.    Zond incorporates by reference paragraphs 1 through 37 and 50 through 84 as if set forth here in full.

86.    Upon information and belief, Fujitsu has been and is currently directly infringing one or more claims of the '779 Patent by making, using, offering to sell, and/or selling within the United States, and/or importing into the United States, without authority, the Fujitsu Infringing Products, including without limitation under 35 U.S.C. 271(g).

87.    Upon information and belief, upon knowledge of the '779 Patent, Fujitsu has been inducing infringement of the '779 Patent by, among other things, knowingly and with intent, actively encouraging its customers, suppliers, original equipment manufacturers ("OEMs") and original design manufacturers ("ODMs"), to use, sell, offer for sale, and import Fujitsu's Infringing Products in a manner that constitutes infringement of one or more claims of the '779 Patent.  For example, upon information and belief, Fujitsu is manufacturing its Infringing Products made by Zond's patented processes, including without limitation by the process in accordance with Claim 30 of the '779 Patent.  Further, upon information and belief, Fujitsu actively entices its OEMs and ODMs through advertising, marketing and sales activity to use Fujitsu's Infringing Products as part of their own infringing products and to sell, offer for sale, and import those infringing products containing Fujitsu's Infringing Products in the United States.  Upon information and belief, Fujitsu's OEMs and ODMs directly infringe the '779 Patent by using, selling, offering for sale, and importing in the United States products containing Fujitsu's Infringing Products.  Upon information and belief, Fujitsu knows that by using, selling, offering for sale, and importing such products its OEMs and ODMs directly infringe the '779

Patent.  Upon information and belief, this inducing activity is ongoing and has not stopped since the initiation of this action.  As stated in paragraphs 36 and 37 above, upon information and belief, Fujitsu has had knowledge of the '779 Patent prior to the initiation of this action, and was provided additional notice of the '779 Patent on July 9, 2013.

88.    Given Fujitsu's knowledge of the '779 Patent as pleaded in paragraphs 36 and 37 above, Fujitsu's continued use, offers to sell, sales, and importation of the Infringing Products in the United States since it became aware of the '779 Patent demonstrate a deliberate and conscious decision to infringe the '779 Patent or, at the very least, a reckless disregard of Zond's patent rights.  Upon information and belief, despite its knowledge of the '779 Patent, Fujitsu has made the decision to continue to infringe the '779 Patent.  All infringement following Fujitsu's knowledge of the '779 Patent is willful and Zond is entitled to treble damages and attorneys' fees and costs incurred in this action, along with prejudgment interest under 35 U.S.C. §§ 284, 285.

89.    As a result of Fujitsu's infringement of the '779 Patent, Zond has suffered and will continue to suffer damage.  Zond is entitled to recover from Fujitsu the damages adequate to compensate for such infringement, which have yet to be determined.

90.    Fujitsu will continue to infringe the '779 Patent unless and until it is enjoined by this Court.

91.    Zond has been and will continue to be damaged and irreparably injured unless this Court enjoins Fujitsu's infringing activities.

## SEVENTH CLAIM FOR RELIEF
### (Fujitsu's Infringement of the '184 Patent)

92.    Zond incorporates by reference paragraphs 1 through 37 and 50 through 91 as if set forth here in full.

93.    Upon information and belief, Fujitsu has been and is currently directly infringing

one or more claims of the '184 Patent by making, using, offering to sell, and/or selling within the United States, and/or importing into the United States, without authority, the Fujitsu Infringing Products, including without limitation under 35 U.S.C. 271(g).

94.    Upon information and belief, upon knowledge of the '184 Patent, Fujitsu has been inducing infringement of the '184 Patent by, among other things, knowingly and with intent, actively encouraging its customers, suppliers, original equipment manufacturers ("OEMs") and original design manufacturers ("ODMs"), to use, sell, offer for sale, and import Fujitsu's Infringing Products in a manner that constitutes infringement of one or more claims of the '184 Patent.  For example, upon information and belief, Fujitsu is manufacturing its Infringing Products made by Zond's patented processes, including without limitation by the process in accordance with Claim 1 of the '184 Patent.  Further, upon information and belief, Fujitsu actively entices its OEMs and ODMs through advertising, marketing and sales activity to use Fujitsu's Infringing Products as part of their own infringing products and to sell, offer for sale, and import those infringing products containing Fujitsu's Infringing Products in the United States.  Upon information and belief, Fujitsu's OEMs and ODMs directly infringe the '184 Patent by using, selling, offering for sale, and importing in the United States products containing Fujitsu's Infringing Products.  Upon information and belief, Fujitsu knows that by using, selling, offering for sale, and importing such products its OEMs and ODMs directly infringe the '184 Patent.  Upon information and belief, this inducing activity is ongoing and has not stopped since the initiation of this action.  As stated in paragraphs 36 and 37 above, upon information and belief, Fujitsu has had knowledge of the '184 Patent prior to the initiation of this action, and was provided additional notice of the '184 Patent on July 9, 2013.

95.    Given Fujitsu's knowledge of the '184 Patent as pleaded in paragraphs 36 and 37

above, Fujitsu's continued use, offers to sell, sales, and importation of the Infringing Products in

the United States since it became aware of the '184 Patent demonstrate a deliberate and

conscious decision to infringe the '184 Patent or, at the very least, a reckless disregard of Zond's

patent rights. Upon information and belief, despite its knowledge of the '184 Patent, Fujitsu has

made the decision to continue to infringe the '184 Patent. All infringement following Fujitsu's

knowledge of the '184 Patent is willful and Zond is entitled to treble damages and attorneys' fees

and costs incurred in this action, along with prejudgment interest under 35 U.S.C. §§ 284, 285.

96.     As a result of Fujitsu's infringement of the '184 Patent, Zond has suffered and

will continue to suffer damage. Zond is entitled to recover from Fujitsu the damages adequate to

compensate for such infringement, which have yet to be determined.

97.     Fujitsu will continue to infringe the '184 Patent unless and until it is enjoined by

this Court.

98.     Zond has been and will continue to be damaged and irreparably injured unless this

Court enjoins Fujitsu's infringing activities.

### EIGHTH CLAIM FOR RELIEF
### (TSMC's Infringement of the '142 Patent)

99.     Zond incorporates by reference paragraphs 1 through 49 as if set forth here in full.

100.    Upon information and belief, TSMC has been and is currently directly infringing

one or more claims of the '142 patent by making, using, offering to sell, selling, and/or importing

into the United States, without authority, TSMC Infringing Products, including without

limitation under 35 U.S.C. 271(g).

101.    Upon information and belief, upon knowledge of the '142 Patent, TSMC has been

inducing infringement of the '142 Patent by, among other things, knowingly and with intent,

actively encouraging its customers, suppliers, original equipment manufacturers ("OEMs") and

original design manufacturers ("ODMs"), to use, sell, offer for sale, and import TSMC's

Infringing Products in a manner that constitutes infringement of one or more claims of the '142

Patent.  For example, upon information and belief, TSMC is manufacturing its Infringing

Products made by Zond's patented processes, including without limitation by the process in

accordance with Claim 31 of the '142 Patent.  Further, upon information and belief, TSMC

actively entices its OEMs and ODMs through advertising, marketing and sales activity to use

TSMC's Infringing Products as part of their own infringing products and to sell, offer for sale,

and import those infringing products containing TSMC's Infringing Products in the United

States.  Upon information and belief, TSMC's OEMs and ODMs directly infringe the '142

Patent by using, selling, offering for sale, and importing in the United States products containing

TSMC's Infringing Products.  Upon information and belief, TSMC knows that by using, selling,

offering for sale, and importing such products its OEMs and ODMs directly infringe the '142

Patent.  Upon information and belief, this inducing activity is ongoing and has not stopped since

the initiation of this action.  As stated in paragraphs 48 and 49 above, upon information and

belief, TSMC has had knowledge of the '142 Patent prior to the initiation of this action, and was

provided additional notice of the '142 Patent on September 5, 2013.

102.    Given TSMC's knowledge of the '142 Patent as pleaded in paragraphs 48 and 49

above, TSMC's continued use, offers to sell, sales, and importation of the Infringing Products in

the United States since it became aware of the '142 Patent demonstrate a deliberate and

conscious decision to infringe the '142 Patent or, at the very least, a reckless disregard of Zond's

patent rights.  Upon information and belief, despite its knowledge of the '142 Patent, TSMC has

made the decision to continue to infringe the '142 Patent.  All infringement following TSMC's

knowledge of the '142 Patent is willful and Zond is entitled to treble damages and attorneys' fees

and costs incurred in this action, along with prejudgment interest under 35 U.S.C. §§ 284, 285.

103.    As a result of TSMC's infringement of the '142 Patent, Zond has suffered and will continue to suffer damage.  Zond is entitled to recover from Fujitsu the damages adequate to compensate for such infringement, which have yet to be determined.

104.    TSMC will continue to infringe the '142 Patent unless and until it is enjoined by this Court.

105.    Zond has been and will continue to be damaged and irreparably injured unless this Court enjoins TSMC's infringing activities.

### NINTH CLAIM FOR RELIEF
### (TSMC's Infringement of the '652 Patent)

106.    Zond incorporates by reference paragraphs 1 through 49 and 99 through 105 as if set forth here in full.

107.    Upon information and belief, TSMC has been and is currently directly infringing one or more claims of the '652 patent by making, using, offering to sell, selling, and/or importing into the United States, without authority, TSMC Infringing Products, including without limitation under 35 U.S.C. 271(g).

108.    Upon information and belief, upon knowledge of the '652 Patent, TSMC has been inducing infringement of the '652 Patent by, among other things, knowingly and with intent, actively encouraging its customers, suppliers, original equipment manufacturers ("OEMs") and original design manufacturers ("ODMs"), to use, sell, offer for sale, and import TSMC's Infringing Products in a manner that constitutes infringement of one or more claims of the '652 Patent.  For example, upon information and belief, TSMC is manufacturing its Infringing Products made by Zond's patented processes, including without limitation by the process in accordance with Claim 18 of the '652 Patent.  Further, upon information and belief, TSMC

actively entices its OEMs and ODMs through advertising, marketing and sales activity to use TSMC's Infringing Products as part of their own infringing products and to sell, offer for sale, and import those infringing products containing TSMC's Infringing Products in the United States.  Upon information and belief, Fujitsu's OEMs and ODMs directly infringe the '652 Patent by using, selling, offering for sale, and importing in the United States products containing TSMC's Infringing Products.  Upon information and belief, TSMC knows that by using, selling, offering for sale, and importing such products its OEMs and ODMs directly infringe the '652 Patent.  Upon information and belief, this inducing activity is ongoing and has not stopped since the initiation of this action.  As stated in paragraphs 48 and 49 above, upon information and belief, TSMC has had knowledge of the '652 Patent prior to the initiation of this action, and was provided additional notice of the '652 Patent on September 5, 2013.

109.    Given TSMC's knowledge of the '652 Patent as pleaded in paragraphs 48 and 49 above, TSMC's continued use, offers to sell, sales, and importation of the Infringing Products in the United States since it became aware of the '652 Patent demonstrate a deliberate and conscious decision to infringe the '652 Patent or, at the very least, a reckless disregard of Zond's patent rights.  Upon information and belief, despite its knowledge of the '652 Patent, TSMC has made the decision to continue to infringe the '652 Patent.  All infringement following TSMC's knowledge of the '652 Patent is willful and Zond is entitled to treble damages and attorneys' fees and costs incurred in this action, along with prejudgment interest under 35 U.S.C. §§ 284, 285.

110.    As a result of TSMC's infringement of the '652 Patent, Zond has suffered and will continue to suffer damage.  Zond is entitled to recover from TSMC the damages adequate to compensate for such infringement, which have yet to be determined.

111.    TSMC will continue to infringe the '652 Patent unless and until it is enjoined by

this Court.

112.    Zond has been and will continue to be damaged and irreparably injured unless this Court enjoins TSMC's infringing activities.

## TENTH CLAIM FOR RELIEF
### (TSMC's Infringement of '716 Patent)

113.    Zond incorporates by reference paragraphs 1 through 49 and 99 through 112 as if set forth here in full.

114.    Upon information and belief, TSMC has been and is currently directly infringing one or more claims of the '716 patent by making, using, offering to sell, selling, and/or importing into the United States, without authority, TSMC Infringing Products, including without limitation under 35 U.S.C. 271(g).

115.    Upon information and belief, upon knowledge of the '716 Patent, TSMC has been inducing infringement of the '716 Patent by, among other things, knowingly and with intent, actively encouraging its customers, suppliers, original equipment manufacturers ("OEMs") and original design manufacturers ("ODMs"), to use, sell, offer for sale, and import TSMC's Infringing Products in a manner that constitutes infringement of one or more claims of the '716 Patent.  For example, upon information and belief, TSMC is manufacturing its Infringing Products made by Zond's patented processes, including without limitation by the process in accordance with Claim 14 of the '716 Patent.  Further, upon information and belief, TSMC actively entices its OEMs and ODMs through advertising, marketing and sales activity to use TSMC's Infringing Products as part of their own infringing products and to sell, offer for sale, and import those infringing products containing TSMC's Infringing Products in the United States.  Upon information and belief, TSMC's OEMs and ODMs directly infringe the '716 Patent by using, selling, offering for sale, and importing in the United States products containing

TSMC's Infringing Products.  Upon information and belief, TSMC knows that by using, selling, offering for sale, and importing such products its OEMs and ODMs directly infringe the '716 Patent.  Upon information and belief, this inducing activity is ongoing and has not stopped since the initiation of this action.  As stated in paragraphs 48 and 49 above, upon information and belief, TSMC has had knowledge of the '716 Patent prior to the initiation of this action, and was provided additional notice of the '716 Patent on September 5, 2013.

116.    Given TSMC's knowledge of the '716 Patent as pleaded in paragraphs 48 and 49 above, TSMC's continued use, offers to sell, sales, and importation of the Infringing Products in the United States since it became aware of the '716 Patent demonstrate a deliberate and conscious decision to infringe the '716 Patent or, at the very least, a reckless disregard of Zond's patent rights.  Upon information and belief, despite its knowledge of the '716 Patent, TSMC has made the decision to continue to infringe the '716 Patent.  All infringement following TSMC's knowledge of the '716 Patent is willful and Zond is entitled to treble damages and attorneys' fees and costs incurred in this action, along with prejudgment interest under 35 U.S.C. §§ 284, 285.

117.    As a result of TSMC's infringement of the '716 Patent, Zond has suffered and will continue to suffer damage.  Zond is entitled to recover from TSMC the damages adequate to compensate for such infringement, which have yet to be determined.

118.    TSMC will continue to infringe the '716 Patent unless and until it is enjoined by this Court.

119.    Zond has been and will continue to be damaged and irreparably injured unless this Court enjoins TSMC's infringing activities.

## ELEVENTH CLAIM FOR RELIEF
### (TSMC's Infringement of the '759 Patent)

120.    Zond incorporates by reference paragraphs 1 through 49 and 99 through 119 as if

set forth here in full.

121.    Upon information and belief, TSMC has been and is currently directly infringing one or more claims of the '759 patent by making, using, offering to sell, selling, and/or importing into the United States, without authority, TSMC Infringing Products, including without limitation under 35 U.S.C. 271(g).

122.    Upon information and belief, upon knowledge of the '759 Patent, TSMC has been inducing infringement of the '759 Patent by, among other things, knowingly and with intent, actively encouraging its customers, suppliers, original equipment manufacturers ("OEMs") and original design manufacturers ("ODMs"), to use, sell, offer for sale, and import TSMC's Infringing Products in a manner that constitutes infringement of one or more claims of the '759 Patent.  For example, upon information and belief, TSMC is manufacturing its Infringing Products made by Zond's patented processes, including without limitation by the process in accordance with Claim 20 of the '759 Patent.  Further, upon information and belief, TSMC actively entices its OEMs and ODMs through advertising, marketing and sales activity to use TSMC's Infringing Products as part of their own infringing products and to sell, offer for sale, and import those infringing products containing TSMC's Infringing Products in the United States.  Upon information and belief, TSMC's OEMs and ODMs directly infringe the '759 Patent by using, selling, offering for sale, and importing in the United States products containing TSMC's Infringing Products.  Upon information and belief, TSMC knows that by using, selling, offering for sale, and importing such products its OEMs and ODMs directly infringe the '759 Patent.  Upon information and belief, this inducing activity is ongoing and has not stopped since the initiation of this action.  As stated in paragraphs 48 and 49 above, upon information and belief, TSMC has had knowledge of the '759 Patent prior to the initiation of this action, and was

provided additional notice of the '759 Patent on September 5, 2013.

123.    Given TSMC's knowledge of the '759 Patent as pleaded in paragraphs 48 and 49 above, TSMC's continued use, offers to sell, sales, and importation of the Infringing Products in the United States since it became aware of the '759 Patent demonstrate a deliberate and conscious decision to infringe the '759 Patent or, at the very least, a reckless disregard of Zond's patent rights.  Upon information and belief, despite its knowledge of the '759 Patent, TSMC has made the decision to continue to infringe the '759 Patent.  All infringement following TSMC's knowledge of the '759 Patent is willful and Zond is entitled to treble damages and attorneys' fees and costs incurred in this action, along with prejudgment interest under 35 U.S.C. §§ 284, 285.

124.    As a result of TSMC's infringement of the '759 Patent, Zond has suffered and will continue to suffer damage.  Zond is entitled to recover from TSMC the damages adequate to compensate for such infringement, which have yet to be determined.

125.    TSMC will continue to infringe the '759 Patent unless and until it is enjoined by this Court.

126.    Zond has been and will continue to be damaged and irreparably injured unless this Court enjoins TSMC's infringing activities.

## TWELTH CLAIM FOR RELIEF
### (TSMC's Infringement of the '421 Patent)

127.    Zond incorporates by reference paragraphs 1 through 49 and 99 through 126 as if set forth here in full.

128.    Upon information and belief, TSMC has been and is currently directly infringing one or more claims of the '421 patent by making, using, offering to sell, selling, and/or importing into the United States, without authority, TSMC Infringing Products, including without limitation under 35 U.S.C. 271(g).

129.    Upon information and belief, upon knowledge of the '421 Patent, TSMC has been inducing infringement of the '421 Patent by, among other things, knowingly and with intent, actively encouraging its customers, suppliers, original equipment manufacturers ("OEMs") and original design manufacturers ("ODMs"), to use, sell, offer for sale, and import TSMC's Infringing Products in a manner that constitutes infringement of one or more claims of the '421 Patent.  For example, upon information and belief, TSMC is manufacturing its Infringing Products made by Zond's patented processes, including without limitation by the process in accordance with Claim 34 of the '421 Patent.  Further, upon information and belief, TSMC actively entices its OEMs and ODMs through advertising, marketing and sales activity to use TSMC's Infringing Products as part of their own infringing products and to sell, offer for sale, and import those infringing products containing TSMC's Infringing Products in the United States.  Upon information and belief, TSMC's OEMs and ODMs directly infringe the '421 Patent by using, selling, offering for sale, and importing in the United States products containing TSMC's Infringing Products.  Upon information and belief, TSMC knows that by using, selling, offering for sale, and importing such products its OEMs and ODMs directly infringe the '421 Patent.  Upon information and belief, this inducing activity is ongoing and has not stopped since the initiation of this action.  As stated in paragraphs 48 and 49  above, upon information and belief, TSMC has had knowledge of the '421 Patent prior to the initiation of this action, and was provided additional notice of the '421 Patent on September 5, 2013.

130.    Given TSMC's knowledge of the '421 Patent as pleaded in paragraphs 48 and 49 above, TSMC's continued use, offers to sell, sales, and importation of the Infringing Products in the United States since it became aware of the '421 Patent demonstrate a deliberate and conscious decision to infringe the '421 Patent or, at the very least, a reckless disregard of Zond's

patent rights.  Upon information and belief, despite its knowledge of the '421 Patent, TSMC has made the decision to continue to infringe the '421 Patent.  All infringement following TSMC's knowledge of the '421 Patent is willful and Zond is entitled to treble damages and attorneys' fees and costs incurred in this action, along with prejudgment interest under 35 U.S.C. §§ 284, 285.

131.    As a result of TSMC's infringement of the '421 Patent, Zond has suffered and will continue to suffer damage.  Zond is entitled to recover from TSMC the damages adequate to compensate for such infringement, which have yet to be determined.

132.    TSMC will continue to infringe the '421 Patent unless and until it is enjoined by this Court.

133.    Zond has been and will continue to be damaged and irreparably injured unless this Court enjoins TSMC's infringing activities.

**THIRTEENTH CLAIM FOR RELIEF**
**(TSMC's Infringement of the '779 Patent)**

134.    Zond incorporates by reference paragraphs 1 through 49 and 99 through 133 as if set forth here in full.

135.    Upon information and belief, TSMC has been and is currently directly infringing one or more claims of the '779 patent by making, using, offering to sell, selling, and/or importing into the United States, without authority, TSMC Infringing Products, including without limitation under 35 U.S.C. 271(g).

136.    Upon information and belief, upon knowledge of the '779 Patent, TSMC has been inducing infringement of the '779 Patent by, among other things, knowingly and with intent, actively encouraging its customers, suppliers, original equipment manufacturers ("OEMs") and original design manufacturers ("ODMs"), to use, sell, offer for sale, and import TSMC's Infringing Products in a manner that constitutes infringement of one or more claims of the '779

Patent.  For example, upon information and belief, TSMC is manufacturing its Infringing

Products made by Zond's patented processes, including without limitation by the process in

accordance with Claim 30 of the '779 Patent.  Further, upon information and belief, TSMC

actively entices its OEMs and ODMs through advertising, marketing and sales activity to use

TSMC's Infringing Products as part of their own infringing products and to sell, offer for sale,

and import those infringing products containing TSMC's Infringing Products in the United

States.  Upon information and belief, TSMC's OEMs and ODMs directly infringe the '779

Patent by using, selling, offering for sale, and importing in the United States products containing

TSMC's Infringing Products.  Upon information and belief, TSMC knows that by using, selling,

offering for sale, and importing such products its OEMs and ODMs directly infringe the '779

Patent.  Upon information and belief, this inducing activity is ongoing and has not stopped since

the initiation of this action.  As stated in paragraphs 48 and 49 above, upon information and

belief, TSMC has had knowledge of the '779 Patent prior to the initiation of this action, and was

provided additional notice of the '779 Patent on September 5, 2013.

     137.    Given TSMC's knowledge of the '779 Patent as pleaded in paragraphs 48 and 49

above, TSMC's continued use, offers to sell, sales, and importation of the Infringing Products in

the United States since it became aware of the '779 Patent demonstrate a deliberate and

conscious decision to infringe the '779 Patent or, at the very least, a reckless disregard of Zond's

patent rights.  Upon information and belief, despite its knowledge of the '779 Patent, TSMC has

made the decision to continue to infringe the '779 Patent.  All infringement following TSMC's

knowledge of the '779 Patent is willful and Zond is entitled to treble damages and attorneys' fees

and costs incurred in this action, along with prejudgment interest under 35 U.S.C. §§ 284, 285.

     138.    As a result of TSMC's infringement of the '779 Patent, Zond has suffered and

will continue to suffer damage.  Zond is entitled to recover from TSMC the damages adequate to compensate for such infringement, which have yet to be determined.

139.    TSMC will continue to infringe the '779 Patent unless and until it is enjoined by this Court.

140.    Zond has been and will continue to be damaged and irreparably injured unless this Court enjoins TSMC's infringing activities.

**FOURTEENTH CLAIM FOR RELIEF**
**(TSMC's Infringement of the '184 Patent)**

141.    Zond incorporates by reference paragraphs 1 through 49 and 99 through 140 as if set forth here in full.

142.    Upon information and belief, TSMC has been and is currently directly infringing one or more claims of the '184 patent by making, using, offering to sell, selling, and/or importing into the United States, without authority, TSMC Infringing Products, including without limitation under 35 U.S.C. 271(g).

143.    Upon information and belief, upon knowledge of the '184 Patent, TSMC has been inducing infringement of the '184 Patent by, among other things, knowingly and with intent, actively encouraging its customers, suppliers, original equipment manufacturers ("OEMs") and original design manufacturers ("ODMs"), to use, sell, offer for sale, and import TSMC's Infringing Products in a manner that constitutes infringement of one or more claims of the '184 Patent.  For example, upon information and belief, TSMC is manufacturing its Infringing Products made by Zond's patented processes, including without limitation by the process in accordance with Claim 1 of the '184 Patent.  Further, upon information and belief, TSMC actively entices its OEMs and ODMs through advertising, marketing and sales activity to use TSMC's Infringing Products as part of their own infringing products and to sell, offer for sale,

and import those infringing products containing TSMC's Infringing Products in the United

States.  Upon information and belief, TSMC's OEMs and ODMs directly infringe the '184

Patent by using, selling, offering for sale, and importing in the United States products containing

TSMC's Infringing Products.  Upon information and belief, TSMC knows that by using, selling,

offering for sale, and importing such products its OEMs and ODMs directly infringe the '184

Patent.  Upon information and belief, this inducing activity is ongoing and has not stopped since

the initiation of this action.  As stated in paragraphs 48 and 49 above, upon information and

belief, TSMC has had knowledge of the '184 Patent prior to the initiation of this action, and was

provided additional notice of the '184 Patent on September 5, 2013.

144.    Given TSMC's knowledge of the '184 Patent as pleaded in paragraphs 48 and 49

above, TSMC's continued use, offers to sell, sales, and importation of the Infringing Products in

the United States since it became aware of the '184 Patent demonstrate a deliberate and

conscious decision to infringe the '184 Patent or, at the very least, a reckless disregard of Zond's

patent rights.  Upon information and belief, despite its knowledge of the '184 Patent, TSMC has

made the decision to continue to infringe the '184 Patent.  All infringement following TSMC's

knowledge of the '184 Patent is willful and Zond is entitled to treble damages and attorneys' fees

and costs incurred in this action, along with prejudgment interest under 35 U.S.C. §§ 284, 285.

145.    As a result of TSMC's infringement of the '184 Patent, Zond has suffered and

will continue to suffer damage.  Zond is entitled to recover from TSMC the damages adequate to

compensate for such infringement, which have yet to be determined.

146.    TSMC will continue to infringe the '184 Patent unless and until it is enjoined by

this Court.

147.    Zond has been and will continue to be damaged and irreparably injured unless this

Court enjoins TSMC's infringing activities.

## PRAYER FOR RELIEF

WHEREFORE, Zond prays for a Judgment in favor of Zond and against Fujitsu as follows:

1.      That each of Fujitsu and TSMC has directly infringed the '142, '652, '716, '759, '421, '779, and '184 Patents;

2.      That each of Fujitsu and TSMC has indirectly infringed the '142, '652, '716, '759, '421, '779, and '184 Patents;

3.      That this case is "exceptional" within the meaning of 35 U.S.C. § 285 against each of Fujitsu and TSMC;

4.      An order preliminarily and permanently enjoining Fujitsu, TSMC and each of their affiliates, subsidiaries, officers, directors, employees, agents, representatives, licensees, successors, assigns, and all those acting for them and on their behalf, or acting in concert with them directly or indirectly, from further acts of infringement of the '142, '652, '716, '759, '421, '779, and '184 Patents;

5.      A full accounting for and an award of damages to Zond for Fujitsu's and TSMC's infringement of the '142, '652, '716, '759, '421, '779, and '184 Patents; including enhanced damages pursuant to 35 U.S.C. § 284, together with pre- and post-judgment interest;

6.      An award of Zond's reasonable attorneys' fees, expenses, and costs; and

7.      A grant of such other and further equitable or legal relief as this Court deems proper.

## DEMAND FOR JURY TRIAL

Zond hereby demands trial by jury on all issues so triable.


Dated:  September 30, 2013

                              Respectfully submitted,

ZOND, INC.

By its counsel,

/s/ *David S. Godkin*

David S. Godkin (BBO#196530)
Andrew A. Caffrey III (BB0#660481)
Birnbaum & Godkin, LLP
280 Summer Street
Boston, MA  02210
617-307-6100
godkin@birnbaumgodkin.com

*Of Counsel:*

David C. Radulescu, Ph.D.
Tigran Vardanian
Gregory S. Maskel
RADULESCU LLP
136 Madison Ave, 6th Floor
New York, NY 10016
646-502-5950
david@radulescullp.com
tigran@radulescullp.com
greg@radulescullp.com