UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ZOND, INC.,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>FUJITSU SEMICONDUCTOR LIMITED,<br>FUJITSU SEMICONDUCTOR AMERICA,<br>INC., TAIWAN SEMICONDUCTOR<br>MANUFACTURING COMPANY,<br>LIMITED, TSMC NORTH AMERICA<br>CORP., TSMC DEVELOPMENT, INC., and<br>WAFERTECH, LLC,<br><br>　　　　　Defendants. | CIVIL ACTION NO. 1:13-cv-11634-WGY |

**PLAINTIFF ZOND'S OPPOSITION TO TAIWAN SEMICONDUCTOR
MANUFACTURING COMPANY, LIMITED, TSMC NORTH AMERICA CORP., TSMC
DEVELOPMENT, INC., AND WAFERTECH, LLC 'S MOTION TO DISMISS**

**TABLE OF CONTENTS**

I.  INTRODUCTION ................................................................................................1

II.  FACTUAL BACKGROUND ..............................................................................3

III.  ARGUMENT .....................................................................................................5

    A.  Motion to Dismiss Standard...................................................................5

    B.  Zond Sufficiently Pleads Direct Infringement ........................................6

    C.  Zond Sufficiently Pleads Induced Infringement ....................................10

        1.  Zond's Allegations "On Information and Belief" Are Well Pled..............10

        2.  Zond Sufficiently Pleads Acts of Direct Infringement by Third Parties...................................................................................12

        3.  Zond Sufficiently Pleads Knowledge .......................................13

        4.  Zond Sufficiently Pleads Intent to Induce Infringement...........................16

    D.  Zond Sufficiently Pleads Willful Infringement ....................................17

IV.  DISMISSAL WITH PREJUDICE IS INAPPROPRIATE AT THIS STAGE .................19

V.  CONCLUSION..................................................................................................20

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Advanced Optical Tracking, LLC v. Koninklijke Philips N.V.*,
    2013 U.S. Dist. LEXIS 127819 (D. Del. Sept. 9, 2013)....................................................10, 17

*Amgen Inc. v. F. Hoffman-La Roche Ltd.*,
    580 F.3d 1340 (Fed. Cir. 2009).........................................................................................7, 8

*Arczar, Inc. v. Navico, Inc.*,
    2012 U.S. Dist. Lexis 107754 (N.D. Okla. 2012)....................................................................7

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)..............................................................................................................6

*Automated Transaction LLC v. N.Y. Cmty. Bank*,
    2013 U.S. Dist. LEXIS 34872 (E.D.N.Y. Mar. 13, 2013)........................................................9

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)..............................................................................................................5

*Boston & Me. Corp. v. Hampton*,
    987 F.2d 855 (1st Cir. 1993)................................................................................................20

*United States ex rel. Carpenter v. Abbot Labs., Inc.*,
    723 F. Supp. 2d 395 (D. Mass. 2010) ..................................................................................20

*Seni ex rel. Ciber, Inc. v. Peterschmidt*,
    2013 WL 1191265 (D. Colo. Mar. 22, 2013) .......................................................................10

*Clouding IP, LLC v. Google Inc.*,
    2013 U.S. Dist. LEXIS 131790 (D. Del. Sept. 16, 2013).......................................................15

*Curley v. Softspikes*,
    2010 U.S. Dist. LEXIS 61564 (D. Mass June 21, 2010) .......................................................10

*Englishtown, Inc. v. Rosetta Stone, Inc.*,
    2013 U.S. Dist. LEXIS 104307 (D. Mass. July 25, 2013)......................................................19

*GEM Advisors, Inc. v. Corporacion Sidenor, S.A.*,
    667 F. Supp. 2d 308 (S.D.N.Y. 2009)..................................................................................11

*Guzik Technical Enters. v. Western Digital Corp.*,
    2011 U.S. Dist. LEXIS 138967 (N.D. Cal. Dec 2, 2011)...................................................6, 12

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
681 F.3d 1323 (Fed. Cir. 2012)....................................................................6, 8, 10, 12

*United States ex rel. Karvelas v. Melrose-Wakefield Hosp.*,
360 F.3d 220 (1st Cir. 2004)........................................................................11

*L'Esperance v. HSBC Consumer Lending, Inc.*,
2012 U.S. Dist. LEXIS 80937 (D.N.H. June 12, 2012)........................................9

*Lexington Luminance LLC v. Osram Sylvania Inc.*,
2013 U.S. Dist. LEXIS 130562 (D. Mass. Sept. 11, 2013) ........................16, 18, 19

*In re Lilley*,
2011 Bankr. LEXIS 1406 (M.D.N.C. Apr. 13, 2011) ........................................11

*Lincoln Park Sav. Bank v. Binetti*,
2011 U.S. Dist. LEXIS 7320 (N.D. Ill. Jan. 26, 2011) ........................................11

*McZeal v. Sprint Nextel Corp.*,
501 F.3d 1354 (Fed Cir. 2007).....................................................................8

*Menard v. CSX Transp., Inc.*,
698 F.3d 40 (1st Cir. 2010).........................................................................11

*MONEC Holding AG v. Motorola Mobility, Inc.*,
897 F. Supp. 2d 225 (D. Del. 2012)................................................................14

*Ocasio-Hernandez v. Fortuno-Burset*,
640 F.3d 1 (1st Cir. 2011)...........................................................................10

*Parker v. Hurley*,
514 F.3d 87 (1st Cir. 2008)..........................................................................6

*ParkerVision, Inc. v. Qualcomm Inc.*,
U.S. Dist. LEXIS 44556 (M.D. Fla. Mar. 28, 2013).....................................10, 14, 16

*Patent Harbor, LLC v. DreamWorks Animation SKG, Inc.*,
2012 U.S. Dist. LEXIS 114199 (E.D. Tex. July 27, 2012).....................................15

*Rembrandt Soc. Media, LP v. Facebook, Inc.*,
2013 U.S. Dist. LEXIS 84245 (E.D. Va. June 12, 2013) ......................................15

*Schatz v. Republican State Leadership Comm.*,
669 F.3d 50 (1st Cir. 2012)..........................................................................6

*Select Retrieval, LLC v. Bulbs, Inc.*,
2012 WL 6045942 (D. Mass. Dec. 4, 2012)............................................15, 16, 18

*Select Retrieval, LLC v. L. L. Bean, Inc.*,
  2012 U.S. Dist. LEXIS 156004 (D. Me. Oct. 31, 2012)........................................................16

*Sentry Prot. Prods. v. Eagle Mfg. Co.*,
  400 F.3d 910 (Fed. Cir. 2005)....................................................................................18

*Serv Solutions U.S., LLC v. Autel US Inc.*,
  2013 U.S. Dist. LEXIS 150036 (E.D. Mich. Oct. 18, 2013) ..................................................15

*Silver State Intellectual Techs. v. Foursquare Labs, Inc.*,
  2013 U.S. Dist. LEXIS 139405 (D. Nev. Sept. 26, 2013) ......................................................15

*Smartwater, Ltd. v. Applied DNA Scis., Inc.*,
  2013 U.S. Dist. LEXIS 139588 (E.D.N.Y. Sept. 27, 2013)....................................................15

*Titanide Ventures, LLC v. IBM Corp.*,
  2012 U.S. Dist. LEXIS 163430 (E.D. Tex. Oct. 18, 2012) ....................................................14

*Via Vadis, L.L.C. v. Skype Inc.*,
  2012 U.S. Dist. LEXIS 10182 (D. Del. July 6, 2012) ..............................................................9

*WesternGeco L.L.C. v. Ion Geophysical Corp.*,
  776 F. Supp. 2d 342 (S.D. Tex. Mar. 2, 2011) ......................................................................8

*United States ex rel. Westmoreland v. Amgen, Inc.*,
  738 F. Supp. 2d 267 (D. Mass. 2010) ..................................................................................20

*Zoltek Corp. v. United States*,
  672 F.3d 1309 (Fed. Cir. 2012)..............................................................................................6, 13

**Statutes**

35 U.S.C. § 271(g) .............................................................................................. *passim*

Plaintiff Zond, Inc. ("Zond") respectfully submits this brief in opposition to Defendants Taiwan Semiconductor Manufacturing Company, Limited, TSMC North America Corp., TSMC Development, Inc., and Waftertech, LLC's (collectively, "TSMC") Motion to Dismiss (D.I. 32).

## I.    <u>INTRODUCTION</u>

The Court should deny TSMC's motion to dismiss. TSMC would have this Court impose a heightened pleading standard for patent infringement contrary to *Iqbal* and *Twombly*, and where other courts have consistently refused.  There is no support for TSMC's claims that Zond's allegations are speculative or implausible. The allegations in Zond's Complaint ("Complaint") are of the kind that the courts have consistently found sufficient to state a claim when taken as true and when all reasonable inferences are properly drawn in Zond's favor. This Court should find the same.

<u>Direct Infringement</u>:  Zond has adequately pled direct infringement because the Complaint meets the requirements of Form 18 of the Federal Rules of Civil Procedure. It identifies TSMC's offering for sale, selling, using, and importing of specific types of wafers that were made by infringing processes.  The Court should reject TSMC's argument that making identical allegations against all TSMC Defendants is somehow insufficient. Each defendant has been adequately put on notice of the direct infringement allegations against it in compliance with Form 18.  Nothing more is required.

<u>Induced Infringement</u>:  Zond meets the pleading requirements for induced infringement because it sufficiently identifies the direct infringement of a third party (TSMC's OEMs and ODMs), pleads facts showing TSMC's knowledge of the patents (both pre and post-suit) and states facts beyond what other cases have held to be sufficient to infer both knowledge of the infringement and specific intent to induce.

TSMC's argument that Zond's allegations of knowledge are implausible is unsupported

by any case cited by TSMC.  Zond's Complaint clearly sets forth the facts that allege exactly when and how TSMC obtained knowledge of the patents and of its subsequent infringement: TSMC learned of the patents when it attended trade shows through Zond's display of its patented technology and materials that listed the patents-in-suit, TSMC further learned about the patents from the Original Complaint, and Zond's enabling technology was used to manufacture TSMC's accused products.  TSMC has cited no case to support dismissal of Zond's pre-suit allegations and TSMC relies on a minority and poorly reasoned view among the district courts to suggest that Zond's allegation of post-suit knowledge is insufficient.  TSMC would have this Court ignore the fact that TSMC became aware (again) of the patents-in-suit when the First Amended Complaint was served.  The better and majority view is that defendants receive notice of the infringement (for pleading purposes) when a complaint is served.  Indeed, a court in this District recently adopted the majority view in the willful infringement context.

TSMC's argument that Zond's allegations of intent to induce infringement are too speculative is once again not supported by any case cited by TSMC.  Instead, case law makes clear that to plead intent to induce infringement it is sufficient to plead defendant's knowledge of the infringement in combination with specific acts that the defendant took to encourage the infringing conduct.  Zond passes this test with flying colors as it pleads that TSMC gained knowledge of the patents through Zond's presentations and materials at pre-suit trade shows that TSMC attended, and that TSMC entices original equipment manufacturers and original design manufacturers to sell, offer for sale, and import infringing products into the United States through advertising, marketing, and sales activity.

Finally, despite TSMC's complaints, under *Iqbal* and *Twombly*, the Court must accept as true Zond's allegations made on information and belief since they are not conclusory statements, or statements tracking the patent infringement statute. TSMC would have this Court require

Zond to plead facts at a heightened pleading standard.  There is no basis to do so.

<u>Willful Infringement:</u>  Zond adequately pleads willful infringement, and TSMC's arguments to the contrary are even less convincing.  This Court has recognized that willful infringement is not subject to a heightened pleading standard, and that a claim is sufficiently pled when it alleges at least knowledge of the patents-in-suit and their infringement.  Zond's pleading goes above and beyond this basic pleading standard by setting forth: TSMC's knowledge of the patents, TSMC's products that infringe the patents, and TSMC's continued infringement.

Accordingly, Zond should be allowed to pursue discovery on its induced and willful infringement claims based on its well-pled Complaint.

Incredibly, TSMC has asked this Court to dismiss Zond's Complaint with prejudice. Zond has only amended the complaint once as to TSMC, a mere 4 days after TSMC appeared in the case.  To the extent the Court is inclined to grant any part of TSMC's motion—which it should not—Zond should be given the opportunity to replead.

## II.    **FACTUAL BACKGROUND**

Zond is a Massachusetts technology company that has developed a unique plasma discharge technology.  *See* D.I. 19 (Complaint) ¶ 20.  Zond's technology has application in various industries, including semiconductor chips.  *See id.* ¶ 22.  However, Zond does not manufacture semiconductor chips and is not a competitor to TSMC or any chipmaker in the semiconductor industry.

Zond's patents-in-suit are generally directed to the generation, use and/or applications of a unique plasma discharge technology that employs strongly ionized plasmas[1] of commercial

---

[1] A "*plasma*" is considered the fourth state of matter.  *See, e.g.,* D.I. 19-6 ("'779 patent") at 1:7-9. Traditionally, a plasma is a collection of charged particles that move in random directions.  *Id.*  Plasma processes are commonly used in the manufacturing of semiconductors.  *See, e.g.,* D.I. 19-3 ("'716 patent") at 1:16-19.  For example, plasmas are used to deposit films on semiconductor substrates, such as for TSMC's accused chips.  *Id.*

significance and has wide-ranging applicability in various industries, including semiconductors. *See id.* ¶¶ 13-19, 20, 22. In particular, Zond's enabling technology can be used during manufacture of semiconductor chips to deposit metal films via sputtering.[2] *See id.* ¶¶ 23, 24.

TSMC's accused wafers include 28 and 20 nanometer circuit devices. *See id*. ¶¶ 38-40. In order to manufacture these exceedingly miniaturized wafers to meet the demands of the semiconductor industry, TSMC must use Zond's patented manufacturing processes for generation and use of strongly ionized plasmas.[3] *Id.* ¶ 22. These wafers are not the same as Defendant Fujitsu's infringing products; Fujitsu separates the wafers into individual chips and these chips are incorporated into Fujitsu products. *Id.* ¶ 40. Zond alleges that both the TSMC wafers and the Fujitsu products incorporating a chip from the TSMC wafers, are infringing products. *Id.* ¶¶ 28, 40. Zond's Complaint provides several examples of how TSMC uses Zond's patented processes directly in the manufacturing of TSMC's accused products. The Complaint describes the elements of the accused wafers (*e.g.*, interconnects, contacts, metal gates) that are directly manufactured in sputtering systems using Zond's patented plasma processes. *Id.* ¶¶ 20-24. Zond's Complaint also specifically alleges that in order to manufacture its accused chips TSMC <u>must</u> employ Zond's patented technology. *Id*. ¶ 21.

Zond's Complaint also contains specific allegations regarding TSMC's knowledge of the patents-in-suit and its subsequent infringement of the patents, despite this knowledge. TSMC became aware of the patented technology, including the patents-in-suit, prior to the initiation of this action, through presentations and marketing materials showcasing the technology and

---

[2] *Sputtering* is a well-known technique of depositing films on substrates, such as TSMC's accused chips. *See, e.g.,* D.I. 19-4 ("'759 patent") at 1:6-13. In general, sputtering is the physical ejection of atoms from a target, such as a particular metal (*e.g.*, titanium, copper, or tantalum). *Id*. at 1:6-13; 4:66-5:5.

[3] The Complaint further alleges that Zond's technology <u>*can*</u> "be used for certain critical manufacturing steps for semiconductor chips," differentiating between the various other uses for the technology such as "razor blades" and "flat panel displays." *Id.* ¶ 22. That the technology has other applications does not preclude that the technology <u>*must*</u> be used during <u>*these*</u> manufacturing processes. *See* D.I. 19 ¶¶ 21, 22.

identifying the patents-in-suit. *See id.* ¶ 36. This technology enabled the development of unique manufacturing tools and processes employing Zond's patented technology, processes which are necessary to manufacture TSMC's accused wafers. *See id.* ¶ 40. TSMC sells chips manufactured using Zond's patented technology to customers, original equipment manufacturers, and original design manufacturers. *See id.* ¶¶ 40-47, 101, 108, 115, 122, 129, 136, 143. TSMC not only knows that its customers will incorporate their chips into their own products, it actively encourages its customers to do so with advertisements, marking, and sales activity. *See id.* ¶¶ 101, 108, 115, 122, 129, 136, 143. TSMC also knows that its customers' products will be used, sold, offered for sale, and imported in the United States. *Id.* TSMC has been engaged in this activity despite its knowledge of the patents-in-suit. *See id.* ¶¶ 48, 49, 101-02, 108-09, 115-16, 122-23, 129-30, 136-37, 143-44.

Furthermore, TSMC received additional notice of the patents-in-suit when it was served with the First Amended Complaint in this case on September 5, 2013. *Id.* ¶ 49. *See also* D.I. 10 (First Amended Complaint); D.I. 5 (Summons). The First Amended Complaint, like the Complaint, informed TSMC of the patents-in-suit, TSMC's infringing activity, and the customers TSMC is inducing to infringe. *See* D.I. 10. Despite this, TSMC continues to both infringe the patents and induce its customers to infringe. *See* D.I. 19 ¶¶ 101-02, 108-09, 115-16, 122-23, 129-30, 136-37, 143-44.

## III.   <u>ARGUMENT</u>

### A.   **Motion to Dismiss Standard**

To survive a motion to dismiss, the complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court must decide whether the complaint alleges enough facts to "raise a right to relief above the speculative level." *Id.* at 555. The factual allegations must state a facially

plausible claim from which the Court may draw a reasonable inference that the defendant is liable for the misconduct that is alleged. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In so doing, the Court must accept as true all well-pleaded facts and draw all reasonable inferences in the plaintiff's favor. *Parker v. Hurley*, 514 F.3d 87, 90 (1st Cir. 2008). In the First Circuit, the proper procedure for assessing the sufficiency of a complaint is: "Step one: isolate and ignore statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements. Step two: take the complaint's well-pled (*i.e.*, non-conclusory, non-speculative) facts as true, drawing all reasonable inferences in the pleader's favor, and see if they plausibly narrate a claim for relief." *Schatz v. Republican State Leadership Comm.*, 669 F.3d 50, 55 (1st Cir. 2012).

### B.    Zond Sufficiently Pleads Direct Infringement

A complaint adequately pleads direct infringement if it meets the specificity required by Form 18 of the Federal Rules of Civil Procedure. *In re Bill of Lading Transmission & Processing Sys. Patent Litig.)*, 681 F.3d 1323, 1334 (Fed. Cir. 2012). Infringement under 35 U.S.C. 271(g) is a form of direct infringement. *See Zoltek Corp. v. United States*, 672 F.3d 1309, 1327 (Fed. Cir. 2012). Thus, to plead direct infringement under Section 271(g), a complaint must simply be at least as specific as Form 18. *See Guzik Technical Enters. v. Western Digital Corp.*, 11-cv-3786, 2011 U.S. Dist. LEXIS 138967, at *6 (N.D. Cal. Dec 2, 2011).

Zond has adequately pleaded direct infringement under Section 271(g) because it is sufficient when measured against Form 18. Form 18 requires a pleading equivalent to:

> (1) an allegation of jurisdiction; (2) a statement that the plaintiff owns the patent; (3) a statement that defendant has been infringing the patent "by making, selling and using [the device] embodying the patent"4; (4) a statement that the plaintiff has given the defendant notice of its infringement; and (5) a demand for an injunction and damages.

*Bill of Lading*, 681 F.3d at 1334 (quotation omitted). Zond has alleged jurisdiction and venue.

D.I. 19 ¶¶ 6-8.  Zond has also alleged ownership of the patents-in-suit.  *See id.* ¶¶ 9-15.  Zond

further alleges TSMC is infringing one or more claims of the patents-in-suit by using, offering to

sell and/or selling within the United States and importing into the United States,[4] without

authority, the TSMC Infringing Products, including under 35 U.S.C. 271(g).[5]  *See* D.I. 19 ¶¶ 100,

107, 114, 121, 128, 135, 142.  Zond also alleges TSMC manufactures its infringing devices using

Zond's patented technology for generating and using strongly ionized plasmas.  *Id.* ¶ 24.  Zond

has satisfied the notice requirement of Form 18 by serving the summons, the original complaint,

and the Amended Complaint on Toshiba.  *See Arczar, Inc. v. Navico, Inc.*, 11-cv-805, 2012 U.S.

Dist. Lexis 107754, at *10 (N.D. Okla. 2012) (holding service of complaint satisfies the Form 18

notice requirements and citing string of cases in accord).  Finally, Zond demands damages and

an injunction.  *See* D.I. 19 at Prayer for Relief.  Thus, there can be no question that Zond has

sufficiently pled direct infringement.

TSMC argues that *Bill of Lading* does not set the pleading standard for Section 271(g),

and instead attempts to derive a pleading standard from *Amgen*, even though that case has no

holding concerning pleading standards.  *See Amgen Inc. v. F. Hoffman-La Roche Ltd.*, 580 F.3d

1340 (Fed. Cir. 2009) (holding that sufficient evidence supported a jury's finding that differences

in the product were not material).  Furthermore, TSMC's characterization of *Amgen* is baseless.

For example, TSMC posits Section 271(g) infringement under *Amgen* requires "a product that

was made outside the U.S." and "the product is not a trivial or non-essential part of another

---

[4] TSMC incorrectly states that Zond's Complaint says "nothing of the TSMC Defendants' importation into the United States or sale, or offer for sale or uses within the United States."  Indeed, Zond explicitly pleads that "TSMC has been and is currently directly infringing one or more claims of the '142 patent by making, using, offering to sell, selling, and/or importing into the United States, without authority, TSMC Infringing Products, including without limitation under 35 U.S.C. 271(g)").  D.I. 19 ¶ 100, *see also* ¶¶ 107, 114, 121, 128, 135, 142.

[5] TSMC incorrectly argues that the only alleged infringing products are the Fujitsu products.  *See* D.I. 32 at 7.  However, all TSMC wafers manufactured using Zond's patented process and imported into the United States are infringing products.  D.I. 19 ¶ 40.

product." D.I. 32 at 6.  *Amgen* never makes reference to either; it only addresses Section 271(g) in the aspect of the adequacy of a jury's finding of sufficient evidence that the accused product was not materially changed.  *See Amgen*, 580 F.3d at 1377-79.  Finally, TSMC does not, and can not cite a single case dismissing a patent direct infringement claim under Section 271(g) for failing to plead that the accused products are not trivial or non-essential parts of another product.

TSMC incorrectly argues that Zond has not apprised the TSMC defendants of the specific allegations against them because all allegations are directed to all four entities, instead of individually.  D.I. 32 at 8.  Indeed, the Federal Circuit approved a pleading against defendants without distinction between the infringing acts performed by each one.  *See McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 (Fed Cir. 2007) (finding that a complaint alleging only that "defendants" had offered an infringing product for sale, without regard to which of the two defendants specifically had offered the product for sale, contained "enough detail to allow the defendants to answer") [6]; *see also WesternGeco L.L.C. v. Ion Geophysical Corp.*, 776 F. Supp. 2d 342, 363-64 (S.D. Tex. Mar. 2, 2011) (allowing group pleading as "adopt[ing] an approach we believe to be approved by the Federal Circuit").

Furthermore, each defendant has been adequately put on notice of the direct infringement allegations against it.  Zond defines "TSMC" collectively as Defendant Taiwan Semiconductor Manufacturing Company, Limited, TSMC North America Corp., TSMC Development, Inc., and Wafertech, LLC.  Therefore, Zond's allegation "TSMC has been and is currently directly infringing. . . . " (D.I. 19 ¶ 100) is properly read as, "Taiwan Semiconductor Manufacturing Company, Limited, TSMC North America Corp., TSMC Development, Inc., and Wafertech,

---

[6] Although *McZeal* included a *pro se* plaintiff, *Bill of Lading* makes clear that *McZeal*'s Form 18 analysis is not restricted to *pro se* plaintiffs.  *See Bill of Lading*, 681 F.3d at 1347 ("As we held in *McZeal*, Form 18 and the Federal Rules of Civil Procedure do not require a plaintiff to plead facts establishing each element of an asserted claim is met.") (citing *McZeal*).

LLC <u>all</u> have been and are currently directly infringing . . . ."   There is nothing vague or inherently contradictory about alleging that all four defendants are infringing in the same way, and Zond reasonably believes that each defendant is liable for all conduct alleged against it.[7]

TSMC's case law does not hold group pleading is invalid under *Iqbal* and *Twombly per se*, rather it holds that specific instances of group pleading are subject to dismissal.   Unlike *L'Esperance*, Zond does not allege infringing activity against all defendants when it is explicitly shown that only one defendant could have done so.   *See L'Esperance v. HSBC Consumer Lending, Inc.*, 11-cv-555-LM, 2012 U.S. Dist. LEXIS 80937 (D.N.H. June 12, 2012) (improperly identifying all defendants as loan lenders when documents at issue only name one defendant as a lender).   Furthermore, unlike in *Via Vadis,* Zond does not allege activity that is implausible for all defendants to have done on its face.   *Via Vadis, L.L.C. v. Skype Inc.*, 11-507-RGA, 2012 U.S. Dist. LEXIS 10182 (D. Del. July 6, 2012) (implausibly alleging all defendants together for all allegations where Microsoft bought Skype after some of the allegations, but all defendants are accused of activity before Microsoft's purchase).   Finally, Zond does not imply actions to all defendants based on the actions of a single defendant, unlike *Automated Transaction*, and so there is no question as to whether Zond might be proceeding under an alter-ego theory of liability.   *See Automated Transaction LLC v. N.Y. Cmty. Bank*, 12-CV-3070, 2013 U.S. Dist. LEXIS 34872 (E.D.N.Y. Mar. 13, 2013) (vaguely alleging knowledge to both a parent and subsidiary when letters set only to the subsidiary yet not alleging an alter-ego theory in support, also vaguely alleging use of ATMs by both defendants when only the subsidiary is alleged to

---

[7] Zond and TSMC are presently negotiating dismissal of Zond's claims against TSMC Development, Inc. and Waftertech, LLC based on specific representations that these defendants are expected to make, which shows that TSMC has been able to discern from the pleading that the allegations are made against each individual entity.

have bought them)[8].  Furthermore, TSMC's only supporting case from this Circuit does not deal

with group pleading, it simply holds that each defendant must have a cause of action stated

against it.  *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1 (1st Cir. 2011) (holding plaintiff

adequately pled a cause of action as to each specific defendant).

      **C.**      **Zond Sufficiently Pleads Induced Infringement**

To survive a motion to dismiss an allegation of induced infringement, the complaint must

allege facts plausibly showing (1) knowledge that the acts induced constituted infringement and

(2) specific intent to induce infringement.  *See Bill of Lading*, 681 F.3d at 1339.  However,

knowledge and intent may be averred generally and do not require special pleading.

*ParkerVision, Inc. v. Qualcomm Inc.*, No. 3:11-cv-719-J-37TEM, 2013 U.S. Dist. LEXIS 44556,

at *10 n.2 (M.D. Fla. Mar. 28, 2013).  Where as here, a plaintiff alleges knowledge of the patent,

knowledge that the accused products infringe, identifies direct infringers, how the direct

infringers were alleged to have infringed, and actions by which defendants acted to induce those

acts, defendant's motion should be denied.  *See Advanced Optical Tracking, LLC v. Koninklijke

Philips N.V.*, 12-1292-LPS-CJB, 2013 U.S. Dist. LEXIS 127819, at *9-10 (D. Del. Sept. 9,

2013).

      **1.**      **Zond's Allegations "On Information and Belief" Are Well Pled**

Zond's factual allegations pled on "information and belief" are sufficient under *Iqbal* and

*Twombly*.  *See Curley v. Softspikes*, No. 09-11451-RWZ, 2010 U.S. Dist. LEXIS 61564 at *2 n.3

(D. Mass June 21, 2010) ("Although every paragraph in the fact section of the complaint recites

that it is 'upon information and belief,' the court takes as true all well-pleaded facts in the

---

[8] Co-Defendant Fujitsu cites also cites to *Seni ex rel. Ciber, Inc. v. Peterschmidt*, 12-cv-320, 2013 WL 1191265 (D. Colo. Mar. 22, 2013).  However, that case, unlike Zond's pleading, implausibly pled that non-employees of a corporation were engaged in SEC filings for that corporation.  *See id.* (finding group pleading improper where such pleading resulted in board members not employed by corporation inexplicably being accused of causing SEC filings by that corporation to happen)

amended complaint."); *GEM Advisors, Inc. v. Corporacion Sidenor, S.A.*, 667 F. Supp. 2d 308, 325 (S.D.N.Y. 2009) (finding a factual allegation based made on information and belief must be accepted as true under *Iqbal* for the purposes of a motion to dismiss). Pleading "upon information and belief" was not abolished by *Twombly* or *Iqbal*. *See Lincoln Park Sav. Bank v. Binetti*, No. 10-cv-5083, 2011 U.S. Dist. LEXIS 7320, at *3 (N.D. Ill. Jan. 26, 2011) ("[T]he Supreme Court in *Twombly* and *Iqbal* made clear that conclusional allegations do not satisfy Rule 8(a), but the Supreme Court did not strike [the phrase 'upon information and belief'] from the lexicon when it made the pleading rules more demanding.") (alteration in original). The words upon information and belief "do not transform a factual allegation into a conclusory statement." *In re Lilley*, No. 10-81078C-133D, 2011 Bankr. LEXIS 1406, at *8 (M.D.N.C. Apr. 13, 2011) ("An allegation is impermissibly conclusory when it is necessary to establish a viable claim but fails to identify a tangible, real-world act or event."). Pleading upon information and belief is appropriate when the belief is based on a number of small facts, which if pleaded, may provide more detail than is required under notice pleading. *See id.* But those small facts—*i.e.*, the basis of the information and belief—need not be pled under Rule 8(a). *Id.* (finding that such heightened pleading is required under Rule 9(b), but not under for Rule 8(a)); *see also United States ex rel. Karvelas v. Melrose-Wakefield Hosp.*, 360 F.3d 220, 226 (1st Cir. 2004).

Thus, under *Iqbal*, *Twombly*, and Rule 8(a), for purposes of deciding a motion to dismiss, factual statements pled on information and belief must be accepted as true, and *only* conclusory statements based on information and belief which track statutory language or are not tied to any real world acts or events require additional factual support. *See Menard v. CSX Transp., Inc.*, 698 F.3d 40, 45 (1st Cir. 2010).[9] Contrary to First Circuit law, TSMC is improperly attempting

---

[9] The Plaintiff in *Menard* attempted to plead knowledge of the defendants simply by pleading "employees and/or agents of CSX knew that Mr. Menard had been injured." *Id.* at 44. Because that statement is merely tracking the statutory language and is not tied to real world facts, the court did not have to accept

to force Zond to plead facts at a heightened pleading standard (*see* D.I. 32 at 10-11), and this

Court should reject such an attempt.

### 2. Zond Sufficiently Pleads Acts of Direct Infringement by Third Parties

The Complaint sufficiently pleads direct infringement of third parties.  Liability for

indirect infringement requires direct infringement by a third party.  *Bill of Lading*, 681 F.3d at

1333.  A complaint adequately pleads the direct infringement element of indirect infringement if

it meets the requirements of Form 18 of the Federal Rules of Civil Procedure.  *Id.* at 1333-34; *see*

*also Guzik Technical Enters. v. Western Digital Corp.*, 11-cv-3786, 2011 U.S. Dist. LEXIS

138967, at *6 (N.D. Cal. Dec. 2, 2011) (holding that in order to adequately plead direct

infringement under Section 271(g), a complaint must simply comply with Form 18). As noted

above, under Form 18, a complaint sufficiently pleads the direct infringement element of indirect

infringement of a patent if it identifies who infringes the patents, and what activities the plaintiff

believes constitute infringement.  *Bill of Lading*, 618 F.3d. at 1335.

Zond's allegations of direct infringement by third parties comply with Form 18 because

they identify the infringing third parties and the acts of direct infringement.  Zond's Complaint

alleges that TSMC's OEMs and ODMs offer to sell, sell and import products containing TSMC's

infringing products in the United States, which were made using Zond's patented methods.[10]

D.I. 19 ¶¶ 38-49, 101, 108, 115, 122, 129, 136, 143.  These acts by TSMC's OEMs and ODMs

constitute direct infringement.  *See* 35 U.S.C. § 271(g) ("Whoever without authority imports into

the United States or offers to sell, sells, or uses within the United States a product which is made

---

it as true.  Zond pleads real world facts that don't track the statutory language.  Therefore, Zond's facts
not parroting the elements of the claim are to be accepted as true for this motion to dismiss.

[10] TSMC's argument that Zond must identify a specific direct infringer is contrary to *Bill of Lading*.  681
F.3d at 1338 ("To state a claim for indirect infringement, therefore, a plaintiff need not identify a
*specific* direct infringer if it pleads facts sufficient to allow an inference that at least one direct infringer
exists.") (emphasis in original)

by a process patented in the United States shall be liable as an infringer"); *see also Zoltek Corp.*

*v. United States*, 672 F.3d 1309, 1327 (Fed. Cir. 2012) (holding that 35 U.S.C. 271(g) is a form

of direct infringement).  Thus, TSMC's argument that Zond has not identified the infringing third

parties and the acts of direct infringement is without merit.

### 3.      Zond Sufficiently Pleads Knowledge

Even though knowledge may be averred generally, the Amended Complaint contains

more than merely general allegations of knowledge.  Instead, the Amended Complaint recites

specific factual allegations of knowledge: (i) TSMC learned of the patents-in-suit and the

patented technology through presentations and marketing materials made available by Zond at

industry conferences including, specifically, the 2007 SEMICON WEST, in the United States

that TSMC attended; (ii) TSMC also had knowledge of the patents-in-suit since at least

September 5, 2013, when they were served with the Complaint in this action accompanied by the

patents-in-suit; (iii) TSMC manufactures chips using Zond's patented technology; and (iv)

TSMC knew that by using, selling, offering for sale, and importing its chips or products

containing them, TSMC's original equipment manufacturers ("OEMs") and original design

manufacturers ("ODMs") directly infringe the patents.  D.I. 19 ¶¶ 38-49, 101, 108, 115, 122,

129, 136, 143.  TSMC's protestation that these allegations are "speculative" and its suggestion

that a complaint need to state more facts than the ones above to be deemed sufficient is at odds

with the applicable law, as discussed below.  TSMC is also inaccurate when it argues that Zond

is essentially alleging that anyone at SEMICON knew about the patents-in-suit; Zond is alleging

that TSMC specifically knew about the patents-in-suit not because they attended the conference,

but because they learned about the patents through Zond's presentations and marketing

materials.

A number of courts have denied motions to dismiss following *Bill of Lading* where the

plaintiff alleged fewer facts than Zond has alleged.  In *ParkerVision*, the complaint alleged

merely that: "(1) Qualcomm designs and manufactures integrated circuits that are used in cellular

telephones and other devices; (2) Qualcomm knew of the patents-in-suit; and (3) the integrated

circuits, when used in the manner intended, infringe the claims of the asserted patents."  2013

U.S. Dist. LEXIS 44556, at *9.  The court held that "one may plausibly infer from these

allegations that Qualcomm knew of the direct infringement of its customers and the users of its

circuits."  *Id.*  Similarly, in *Titanide Ventures, LLC v. IBM Corp* the court found that merely

pleading knowledge of the asserted patent through its citation by the U. S. Patent Office on one

of defendant IBM's patents, was enough to satisfy *Bill of Lading's* pleading standard for the

knowledge element of induced infringement.  No. 4:12-CV-196, 2012 U.S. Dist. LEXIS 163430,

at *10-12 (E.D. Tex. Oct. 18, 2012).  TSMC has not cited a single case where a motion to

dismiss was granted in the face of allegations of knowledge similar to those made by Zond.

TSMC's reliance on the *MONEC* case is misplaced.  In *MONEC Holding AG v. Motorola

Mobility, Inc.*, the plaintiff alleged that the defendants "likely" obtained knowledge of the patents

in suit because their competitors had engaged in litigation with *MONEC* on an earlier version of

the asserted patent, that litigation "received substantial press coverage which likely would have

been followed and monitored" by the defendants.  897 F. Supp. 2d 225, 228-229, 232 (D. Del.

2012).  Importantly, there was no allegation of the defendant directly gaining knowledge of the

patent in *MONEC*.  Zond's direct allegations that TSMC obtained knowledge of the patents at a

particular trade show it attended in 2007 bear little resemblance to "pleadings charging

knowledge [ ] based on a defendant's participation in the same market, media publicity and

unrelated litigation by the defendants' competitors concerning the relevant patent." *Id.* at 232.[11]

---

[11] TSMC points out that several patents were issued after the 2007 SEMICON WEST trade show.  D.I. 32
at 9.  However, Zond's Complaint relies on "industry conferences . . . where Zond's patented technology

Moreover, TSMC does not suggest—because it cannot—that Zond's allegation that TSMC had knowledge as of the filing of the First Amended Complaint is speculative.  Instead it asks this Court to rule that such knowledge does not count.  The more reasoned and majority view is that pleading knowledge as of the time of an original complaint is sufficient, and this Court should follow that view.  *See Rembrandt Soc. Media, LP v. Facebook, Inc.*, Case No. 1:13cv158, 2013 U.S. Dist. LEXIS 84245, at \*10-11 (E.D. Va. June 12, 2013).[12]

In *Rembrandt*, representing the majority view the court held that knowledge as of the time of an original complaint is sufficient to state a claim for inducement.  *Id.*  The court observed that, "the majority view bases the adequacy of post-suit knowledge on there being no sound reason that a defendant should avoid liability for an indirect infringement claim when it continues to promote infringing uses of their products after learning about the patents, simply because it happened to learn of the patent in connection with a lawsuit." *Id.* (internal citations and quotations omitted).

Based on Zond's research, the post-suit knowledge issue is one of first impression in this court.  TSMC cites *Select Retrieval, LLC v. Bulbs.com Inc.* to suggest otherwise.  *Select Retrieval, LLC v. Bulbs, Inc.*, Civ. Act. No. 12-10389-TSH, 2012 WL 6045942 (D. Mass. Dec. 4, 2012).  However, the discussion of post-complaint knowledge in *Bulbs.com* is pure *dicta* and in

---

was showcased," not just the 2007 SEMICON WEST show.  D.I. 19 ¶ 48.  Moreover, Zond additionally relies on TSMC's knowledge as of the filing of the Amended Complaint.  *Id.* ¶ 49.

[12] Indeed, district courts in the 2nd, 3rd, 4th, 5th, 6th, and 9th Circuits have all found knowledge established by an amended complaint sufficient to plead induced infringement.  *See, e.g., Smartwater, Ltd. v. Applied DNA Scis., Inc.*, 12-CV-5731-JS, 2013 U.S. Dist. LEXIS 139588, at \*22 (E.D.N.Y. Sept. 27, 2013); *Clouding IP, LLC v. Google Inc.*, 2013 U.S. Dist. LEXIS 131790, at \*2 (D. Del. Sept. 16, 2013); *Rembrandt*, at \*14 (E.D. Va.);  *Patent Harbor, LLC v. DreamWorks Animation SKG, Inc.*, 11-cv-229, 2012 U.S. Dist. LEXIS 114199, at \*17 (E.D. Tex. July 27, 2012); *Serv Solutions U.S., LLC v. Autel US Inc.*, Case No. 13-10534, 2013 U.S. Dist. LEXIS 150036, at \*29 (E.D. Mich. Oct. 18, 2013); *Silver State Intellectual Techs. v. Foursquare Labs, Inc.*, 12-cv-1308, 2013 U.S. Dist. LEXIS 139405, at \*9-10 (D. Nev. Sept. 26, 2013).  Only the 11th circuit appears to be squarely in the minority on this point.  Co-Defendant Fujitsu cites in its Reply (D.I. 38) other contrary cases from these Circuits, however in each instance, those cases are earlier in time than those cited above.

any event was decided before the majority view coalesced against the views expressed by the court there.  In *Bulbs.com*, the court reviewed the bare allegations of induced infringement and concluded they were "nothing more than legal conclusions with little or no factual support," *id.* at *15-16, unlike the complaint here.  Recognizing that the court was going to allow the plaintiff to replead, it went a step further and offered an advisory opinion on the issue of post-complaint knowledge: "Since Select will be allowed to amend its complaint with respect to these claims, I will briefly address this issue . . ." *Id.* at *17.  This Court is not bound by this *dicta*.[13]

The pleading standard requires an allegation of knowledge.  Zond's Complaint satisfies that requirement with respect to post-suit knowledge by referring back to knowledge as of the First Amended Complaint.  The Complaint cannot erase the knowledge that TSMC gained upon the filing of the lawsuit.   And as the majority of courts have recognized there is no sound reason to construct an artifice to erase that knowledge.[14]

Thus, Zond's Amended Complaint sufficiently pleads both pre-and post-suit knowledge.

### 4.     Zond Sufficiently Pleads Intent to Induce Infringement

Like knowledge, intent to induce infringement may be averred generally. *ParkerVision*, 2013 U.S. Dist. LEXIS 44556, at *10 n.2.  Zond too alleges specific facts supporting its pleading of intent to infringe: (i) TSMC learned of the Patents-in-Suit and the patented technology through presentations and marketing materials made available by Zond at industry conferences including, specifically, the 2007 SEMICON WEST, in the United States that TSMC attended;

---

[13] Likewise, the court in *L. L. Bean* did not hold that induced infringement claims must be dismissed absent pre-suit knowledge.  Instead, the court held that the induced infringement allegation at issue must be dismissed absent any factual support.  *Select Retrieval, LLC v. L. L. Bean, Inc.*, 12-cv-3, 2012 U.S. Dist. LEXIS 156004, at *11-*13 (D. Me. Oct. 31, 2012)

[14] In fact, a court in this district recently held that the knowledge of the infringement element in the willful infringement context can be satisfied by notice of the lawsuit. *See Lexington Luminance LLC v. Osram Sylvania Inc.*, No. 12-cv-11551-NMG, 2013 U.S. Dist. LEXIS 130562, at *13-14 (D. Mass. Sept. 11, 2013) (Gorton, J.). If that is true for willful infringement, there is no reason why it should not be for induced infringement.

(ii) TSMC also has had knowledge of the patents-in-suit since at least September 5, 2013, when they were served with the Original Complaint in this action accompanied by the patents-in-suit; (iii) TSMC manufactures products using Zond's patented technology; (iv) TSMC knew that by using, selling, offering for sale, and importing the accused TSMC wafers its OEMs and ODMs directly infringe the patents; and (v) TSMC actively entices their OEMs and ODMs through advertising, marketing and sales activity to use TSMC's accused wafers as part of their own infringing products and to sell, offer for sale, and import those infringing products into the United States.  D.I. 19 ¶¶ 38-49, 101, 108, 115, 122, 129, 136, 143.  Together, these allegations support a reasonable inference that TSMC encourage their OEMs and ODMs with the specific intent that they use, sell, and import products in an infringing manner.

Nothing more is required at this stage of the case.  In *Advanced Optical*, the court emphasized that a plaintiff, "need simply assert enough facts to provide [a defendant] with fair notice of facially plausible claims."  2013 U.S. Dist. LEXIS 127819, at *15.  The court found sufficient allegations that the defendants continued to require their suppliers, distributors, and resellers to perform under manufacturing, supply and distribution agreements with respect to the accused products with knowledge that the accused products infringed the asserted patents.  *Id*. at *13.  Zond's intent allegations here are nearly identical, alleging that TSMC actively entices its OEMs and ODMs through advertising, marketing and sales activity to sell, offer for sale, and import infringing products.  Thus, Zond's allegations are sufficient.  TSMC's argument that as contract manufacturers they could possibly not know that their downstream entities will use their wafers in their own products is beyond all realm of belief.  TSMC's suggestion that Zond must identify confidential TSMC manufacturing machines or processes is inappropriate.

### D.    Zond Sufficiently Pleads Willful Infringement

To properly state a claim for willful infringement, a plaintiff must make a "pleading

equivalent to 'with knowledge of the patent and of his infringement.'" *See Sentry Prot. Prods. v. Eagle Mfg. Co.*, 400 F.3d 910, 918 (Fed. Cir. 2005); *see also Bulbs.com*, 2012 U.S. Dist. LEXIS 171814, at *18.  In an opinion issued six weeks ago, this Court made clear that "claims for willful infringement are not subject to heightened pleading requirements." *Lexington Luminance LLC v. Osram Sylvania Inc.*, No. 12-11551-NMG, 2013 U.S. Dist. LEXIS 130562, at *14 (D. Mass. Sept. 11, 2013) (Gorton, J.).

Zond meets this pleading standard in every Count.  For example, Zond alleges, "[u]pon information and belief, despite its knowledge of the '142 Patent, TSMC has made the decision to continue to infringe the '142 Patent.  *See* D.I. 19 ¶ 102; *see also id.* ¶¶ 109, 116, 123, 130, 137, 144 (alleging willful infringement).  Zond pleads that TSMC had actual pre-suit knowledge of the patents-in-suit.  *See id.* ¶¶ 48, 109, 116, 123, 130, 137, 144.  Zond's willfulness claim also relies on TSMC's knowledge of the patents-in-suit as of the service of the First Amended Complaint in this case.  *See id.* ¶¶ 49, 109, 116, 123, 130, 137, 144.  Zond also provides detailed allegations regarding TSMC's accused wafers.  *See id.* ¶¶ 38-49 (describing TSMC's infringing products). Thus, Zond properly alleges willful infringement.  Thus, TSMC's knowledge arguments should be rejected.

Moreover, TSMC's argument that willful infringement must be grounded in pre-suit conduct is mistaken.  TSMC relies on the Federal Circuit's *Seagate* opinion to argue that Zond may not pursue a post-suit willful infringement claim. *See* D.I. 32 at 16 (citing *In re Seagate Tech., LLC,* 497 F.3d 1360 (Fed. Cir. 2007)).  First, Zond has alleged both pre- and post-suit knowledge.  Second, it is not at all settled that *Seagate* applies at the pleading stage, and *Seagate* itself did not purport to change the pleading standard for willful infringement. *See Bulbs.com,* 2012 U.S. Dist. LEXIS 171814, at *18-19 (stating that "many courts have held that *Seagate* is not controlling in the pleading stage of litigation," but not resolving what the standard should be

in this district).  Third, even if *Seagate* controlled at this stage, two recent cases in this district

have held that *Seagate* did not erect a per se bar to post-suit willfulness claims. *Englishtown, Inc.*

*v. Rosetta Stone, Inc.*, No. 12-10636-NMG, 2013 U.S. Dist. LEXIS 104307 (D. Mass. July 25,

2013); *Lexington*, 2013 U.S. Dist. LEXIS 130562.  As explained in *Englishtown* and *Lexington*,

*Seagate*'s prohibition on alleging willfulness based solely on post-filing conduct does not apply

where (1) the plaintiff has not sought preliminary injunctive relief and (2) the plaintiff would not

be eligible for preliminary injunctive relief because it could not demonstrate that it would suffer

irreparable harm absent that relief. *Englishtown,* 2013 U.S. Dist. LEXIS 104307, at *6-7;

*Lexington*, 2013 U.S. Dist. LEXIS 130562, at *13-14.

The holdings in *Englishtown and Lexington* equally apply to Zond because although it

alleges irreparable harm from TSMC's continued infringement, it has little chance of

demonstrating irreparable harm at this stage.  Zond is a technology development company. It

does not manufacture semiconductor chips and it is beyond dispute that it is not a competitor to

TSMC or any other chipmaker in the semiconductor industry.  In view of this, it would have

been a waste of the Court's and the parties' time and resources had Zond moved for a

preliminary injunction. *See Englishtown,* 2013 U.S. Dist. LEXIS 104307, at *6-7; *Lexington*,

2013 U.S. Dist. LEXIS 130562, at *13-14.

As this Court recognized in *Lexington*, it is plausible to infer that TSMC, having acquired

knowledge of the patents-in-suit, continues to infringe them with the requisite recklessness.

Lexington, 2013 U.S. Dist. LEXIS 130562, at *14.  The proper time to assess the reasonableness

of TSMC's conduct is not now, but at the summary judgment or trial stage.  *Id.*  Accordingly, the

Court should allow Zond pursue discovery on its willfulness theory and deny TSMC's motion to

dismiss with respect to the willfulness claim.

**IV.**     **DISMISSAL WITH PREJUDICE IS INAPPROPRIATE AT THIS STAGE**

For all the reasons set forth above, this Court should deny TSMC's motion to dismiss. However, to the extent that the Court is inclined to dismiss any or all of Zond's Complaint, the Court should afford Zond the opportunity to amend with the benefit of the Court's guidance.

Under Rule 15(a), leave to amend a complaint should be feely given when justice so requires.  Fed. R. Civ. P. 15(a).  Courts routinely allow plaintiffs to replead after dismissing part or all of a complaint even when there have been previous amendments.  *See e.g. U.S. ex rel. Westmoreland v. Amgen, Inc.,* 738 F. Supp. 2d 267, 270 (D. Mass. 2010) (plaintiff allowed leave to amend after partial dismissal of the Third Amended Complaint).  There is no reason not to allow Zond to do so here if necessary.

TSMC's cited cases are not applicable to this case.  In *United States ex rel. Carpenter v. Abbot Labs., Inc.*, the Court refused to allow a fourth complaint where the original complaint had been filed over two years earlier and the plaintiff had amended the complaint twice over that time period.  723 F. Supp. 2d 395 (D. Mass. 2010).  In contrast, the case was first filed against TSMC just 4 days after TSMC first <u>appeared</u> in this case.  *See* D.I. 26, 30.  It is hard to imagine how TSMC could argue that justice does not require amendment in this case.  Similarly, in *Boston & Me. Corp. v. Hampton*, the First Circuit affirmed the dismissal with prejudice where there was a prior suit in state court that settled on the eve of trial and where the plaintiff was able to take discovery.  987 F.2d 855, 870 (1st Cir. 1993).  Thus, the First Circuit was justifiably skeptical that the plaintiff could add any further support to its claims after the district court had afforded the plaintiff to amend, and it hadn't done so sufficiently.  *Id.*  There is no such history here.  If the Court is inclined to dismiss Zond's Complaint, it should do so without prejudice.

## V.    <u>CONCLUSION</u>

For the foregoing reasons, plaintiff respectfully requests that the Court deny TSMC's motion to dismiss Zond's Complaint.

Dated: November 15, 2013                    Respectfully submitted,

                                            */s/ Tigran Vardanian*

                                            David S. Godkin (BBO#196530)
                                            Andrew A. Caffrey III (BBO#660481)
                                            Birnbaum & Godkin, LLP
                                            280 Summer Street
                                            Boston, MA 02210
                                            617-307-6100
                                            godkin@birnbaumgodkin.com
                                            caffrey@birnbaumgodkin.com

                                            David C. Radulescu
                                            Tigran Vardanian
                                            Etai Lahav
                                            Gregory S. Maskel
                                            Daniel Kesack
                                            RADULESCU LLP
                                            136 Madison Avenue, 6th Floor
                                            New York, NY 10016
                                             (646) 502-5950
                                            david@radulescullp.com
                                            tigran@radulescullp.com
                                            etai@radulescullp.com
                                            greg@radulescullp.com
                                            daniel@radulescullp.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was delivered to the registered participants as identified on the Notice of Electronic Filing (NEF) and that paper copies will be sent those indicated as non-registered participants on the above date.

*/s/ Tigran Vardanian*
Tigran Vardanian