UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

————————————————————————————
                                        )
ZOND, INC.,                             )
                                        )
                      Plaintiff,        )
                                        )
              v.                        )    CIVIL ACTION
                                        )    NO. 13-11634-WGY
                                        )
FUJITSU SEMICONDUCTOR LIMITED,          )
FUJITSU SEMICONDUCTOR AMERICA,          )
INC., TAIWAN SEMICONDUCTOR              )
MANUFACTURING COMPANY, LIMITED,         )
TSMC NORTH AMERICA CORP.,               )
                                        )
                      Defendants.       )
————————————————————————————            )


YOUNG, D.J.                                  January 09, 2014


**MEMORANDUM AND ORDER**

At a motion session on November 26, 2013, this Court heard two motions regarding Zond, Inc.'s ("Zond") second amended complaint for patent infringement.  Second Am. Compl. Patent Infringement ("2nd. Am. Compl."), ECF No. 19.  The Court heard a joint motion to dismiss, filed by Fujitsu Semiconductor Ltd. ("Fujitsu Ltd.") and Fujitsu Semiconductor America, Inc., ("Fujitsu USA") (jointly, "Fujitsu"), and a joint motion to dismiss filed by Taiwan Semiconductor Manufacturing Company, Ltd., TSMC North America Corporation, TSMC Development, Inc.,

and Wafertech, LLC (jointly, "TSMC").[1]  Fujitsu Semiconductor Ltd., & Fujitsu Semiconductor America, Inc.'s Mot. Dismiss ("Fujitsu's Mot. Dismiss"), ECF No. 26; Mot. Dismiss Defs. Taiwan Semiconductor Mfg. Co. Ltd., TSMC North America Corp., TSMC Development, Inc., & Wafertech, LLC ("TSMC's Mot. Dismiss"), ECF No. 32.  After hearing counsel on these motions the Court entered an order dismissing, without prejudice, Zond's willful infringement claims against all defendants, but otherwise denied TSMC's motion to dismiss, and took under advisement Fujitsu's motion.  Elec. Clerk's Notes, ECF No. 48.

Having had the opportunity further to consider Fujitsu's motion to dismiss, for the reasons stated below, this Court GRANTS Fujitsu's motion insofar as Zond seeks to recover for alleged pre-filing knowledge, but otherwise DENIES their motion

## I.  ANALYSIS

Federal Rule of Civil Procedure 8(a) ("Rule 8(a)") requires the plaintiff state a claim upon which relief can be granted. See Fed. R. Civ. P. 8(a)(2).  For the reasons articulated below, Zond has – just barely - met this requirement.

---

[1]  Since the filing of the motion to dismiss the claims against both TSMC Development, Inc. and Wafertech, LLC have been dismissed without prejudice. Stipulation Dismissal Without Prejudice Defs. TSMC Development, Inc., & Wafertech, LLC, ECF No. 47.

A.    Improper Group Pleading

Fujitsu argues that Zond's decision to treat Fujitsu Ltd. and Fujitsu USA as an "undifferentiated mass" and to make all allegations against the group as a whole fails to notify the separate defendants of the specific allegations against them. Fujitsu Semiconductor Ltd. & Fujitsu Semiconductor America, Inc.'s Mem. Law Supp. Their Mot. Dismiss ("Fujitsu Mem. Supp. Mot.") 5, 7-8, ECF No. 27; Fujitsu Semiconductor Ltd. & Fujitsu Semiconductor America, Inc.'s Reply Mem. Law Supp. Their Mot. Dismiss ("Fujitsu Reply Mem. Supp. Mot.") 2, ECF No. 38.

Whilst a pleading, group or otherwise, must be sufficiently clear to put the defendants on notice as to "who did what to whom, when, where and why", Educadores Puertorriqueños en Acción v. Hernández, 367 F.3d 61, 68 (1st Cir. 2004), group pleadings are not, prima facie, excluded by Rule 8(a).  At the motion to dismiss stage a complaint generally will only be dismissed where it is "entirely implausible" or impossible for the grouped defendants to have acted as alleged.  GMO Trust ex rel. GMO Emerging Country Debt Fund v. ICAP PLC, No. 12-10293-DPW, 2012 WL 5197545, at *8 (D. Mass. Oct. 18, 2012) (Woodlock J.); see also Automated Transaction LLC v. New York Cmty. Bank, No. 12-CV-3070(JS)(ARL), 2013 WL 992423, at *4 (E.D.N.Y. Mar. 13, 2013) ("each defendant [must have] fair notice of the claims against it" (quoting Holmes v. Allstate Corp., No. 11-CV1543(LTS)(DF),

2012 WL 627238, at *22 (S.D.N.Y. Jan. 27, 2012) <u>report and</u>
<u>recommendation adopted</u>, 11-CIV-1543 (LTS) (DCF), 2012 WL 626262
(S.D.N.Y. Feb. 27, 2012), <u>appeal dismissed</u> (Apr. 23, 2012)).

Zond alleges that "Fujitsu" is directly infringing,
willfully infringing, and inducing the infringement of, the
patents-in-suit.  <u>See generally</u> 2nd Am. Compl.  These
allegations, as made in the filed second amended complaint, are
facially plausible – it is not impossible for both Fujitsu USA
and Fujitsu Ltd. to have engaged in each of the acts alleged by
Zond.  Though it may be a stretch for the court to infer that
"both parent [Fujitsu Ltd.] and subsidiary [Fujitsu USA]
'design[] and develop[] … [the same] semiconductor products'
made by Taiwan-based TSMC," Fujitsu Reply Mem. Supp. Mot. 3
(third, fourth, and fifth alterations original), and it is not
for the Court to evaluate, at this stage, whether the plaintiff
will be able to obtain the necessary evidence to prove its
claims.  <u>See</u> <u>Hague</u> v. <u>Massachusetts Dep't of Elementary &</u>
<u>Secondary Educ.</u>, Nos. 10-30138 DJC, 10-30142 DJC, 10-30143 DJC
10-30144 DJC, 2011 WL 4073000, at *3 (D. Mass. Sept. 12, 2011)
(Casper, J.).  Furthermore, determining the exact operations of
the Fujitsu corporate group, and thus the relevant assignment of
potential liability, requires corporate structure information
that is not readily available to the public.  It would seem
illogical to allow Fujitsu potentially to escape liability

because of its ability to keep its corporate structure confidential.

Further, despite making all allegations in the second amended complaint against the Fujitsu corporate group, Zond provides each individual defendant with fair notice of each claim alleged against it.   Unlike in <u>Automated Transaction</u>, where the plaintiff did not consistently group the defendants together when making allegations, 2013 WL 992423, at *4, the consistency of the subject of the pleading in this case, despite its group format, means that it can be reasonably inferred that each and every allegation is made against each individual defendant.

### B.   Direct Infringement 35 U.S.C. Section 271(g)

Pursuant to Federal Rule of Civil Procedure 8(a)(2) ("Rule 8(a)(2)") a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief". Fed. R. Civ. P. 8(a)(2).   Fujitsu states that for a claim to satisfy Rule 8(a)(2) it must be plead in accordance with the standard outlined in <u>Ashcroft</u> v. <u>Iqbal</u>, 556 U.S. 662, 678 (2009), and <u>Bell Atlantic Corp.</u> v. <u>Twombly</u>, 550 U.S. 544, 570 (2007), and Zond's claim of direct infringement fails to meet this standard.   Fujitsu Mem. Supp. Mot. 4-5.   Zond, however, contends that a direct infringement complaint will be adequately plead where it meets the requirements of Form 18 of the Federal

Rules of Civil Procedure ("Form 18"). Pl. Zond's Opp'n. Fujitsu
Semiconductor Ltd. & Fujitsu Semiconductor America, Inc.'s Mot.
Dismiss ("Reply") 6, ECF No. 35.  This Court, in accordance with
the case law, concludes that the correct pleading standard for a
direct infringement claim is, as argued by Zond, that
demonstrated by Form 18.

The standard required by Form 18 cannot be easily
reconciled with the judgments of the Supreme Court in both
Twombly and Iqbal.  See e.g., Tyco Fire Prods. LP v. Victaulic
Co., 777 F. Supp. 2d 893, 905 (E.D. Pa. 2011) ("Put simply, the
forms purporting to illustrate what level of pleading is
required do not reflect the sea change of Twombly and Iqbal.");
Elan Microelecs. Corp. v. Apple, Inc., No. C 09-1531 RS, 2009 WL
2972374, at *2 (N.D. Cal. Sept. 14, 2009).  However, despite
this conflict, Federal Rule of Civil Procedure 84 provides that
"[t]he forms in the Appendix suffice under [the Federal Rules of
Civil Procedure]."  Fed. R. Civ. P. 84.  This indicates that
Form 18 ought prevail, a conclusion supported by the Supreme
Court's comments in Leatherman v. Tarrant Cnty. Narcotics
Intelligence & Coordination Unit, 507 U.S. 163 (1993), that any
amendments to the Federal Rules of Civil Procedure "must be
obtained by the process of amending the Federal Rules, and not
by judicial interpretation." Id. at 168; see also Twombly, 550
U.S. at 569 n.14 (acknowledging that altering the Federal Rules

of Civil Procedure cannot be accomplished by judicial interpretation). Thus, where there is a relevant appended form, the standard provided by it is the standard by which all relevant complaints ought be evaluated. See e.g., K-Tech Telecomm. v. Time Warner Cable, Inc., 714 F.3d 1277, 1283-84 (Fed. Cir. 2013); In re Bill of Lading Transmission & Processing Sys. Patent Litig., 681 F.3d 1323, 1333-36 (Fed. Cir. 2012); Select Retrieval, LLC v. Bulbs.com Inc., No. 12-10389-TSH, 2012 WL 6045942, at *3 (D. Mass. Dec. 4, 2012) (Hillman, J.).

Form 18, an example of a direct patent infringement complaint included in the Appendix to the Federal Rules of Civil Procedure, requires a pleading equivalent to:

> (1) an allegation of jurisdiction; (2) a statement that the plaintiff owns the patent; (3) a statement that defendant has been infringing the patent 'by making, selling, and using [the device] embodying the patent'; (4) a statement that the plaintiff has given the defendant notice of its infringement; and (5) a demand for an injunction and damages.

Bill of Lading, 681 F.3d at 1334 (quoting McZeal v. Sprint Nextel Corp., 501 F.3d 1354, 1357 (Fed. Cir. 2007)).

Zond alleges that Fujitsu has directly infringed the patents-in-suit pursuant to 35 U.S.C. section 271(g) ("section 271(g)"). See e.g., 2nd Am. Compl. ¶¶ 51, 58, 65, 72, 79, 86, 93. Infringement under section 271(g) is a form of direct patent infringement, see Guzik Technical Enters. Inc. v. Western

<u>Digital Corp.</u>, No. 11-CV-03786-PSG, 2011 WL 6013006, at * 2 (N.D. Cal. Dec. 2, 2011), and therefore the relevant pleading standard is that required by Form 18.   In its complaint, Zond alleges: (1) that this Court has jurisdiction, 2nd. Am. Compl. ¶¶ 7-11; (2) that Zond is the owner of the patents-in-suit, <u>id.</u> ¶¶ 13-19; and (3) that Fujitsu has been infringing the patents-in-suit by "using, offering to sell and selling within the United States, and importing into the United States, without authority, the Infringing Products." <u>Id.</u> ¶ 51; <u>see also</u> <u>id.</u> ¶¶ 58, 65, 72, 79, 93.   Further, in the prayer for relief of the second amended complaint, Zond makes a demand for damages and an injunction, <u>id.</u> at 37; and notice by Zond regarding the infringement may be inferred from the filing of the complaint, <u>see, e.g.</u>, <u>Telecomm Innovations, LLC</u> v. <u>Ricoh Co., Ltd.</u>, No. 12-1277, 2013 WL 4017096, at *2 (D. Del. Aug. 6, 2013); <u>Aeritas, LLC</u> v. <u>Alaska Air Grp., Inc.</u>, 893 F. Supp. 2d 680, 683-84 (D. Del. 2012).   Zond has thus met the pleading requirements of Form 18.

### C.   Induced Infringement 35 U.S.C. Section 271(b)

Fujitsu asserts that Zond has failed to plead properly a claim of induced infringement.   Fujitsu Mem. Supp. Mot. 8. Specifically, Fujitsu alleges that any and all allegations made concerning this claim are speculative and do not support a plausible claim of induced infringement.   <u>Id.</u> at 8, 13, 14.   In

contrast, Zond alleges that its second amended complaint contains a plausible claim of induced infringement, adequately pleading both pre-filing and post-filing knowledge, specific intent and encouragement. Reply 9-19.

### 1. Standard

Twombly articulates the relevant standard for pleading an indirect patent infringement claim. Bill of Lading, 681 F.3d at 1336-37; Automated Transaction, 2013 WL 992423, at *4. To comply with this standard and survive a motion under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"), the complaint must allege sufficient facts to demonstrate a facially plausible entitlement to relief. See, e.g., Grajales v. Puerto Rico Ports Auth., 682 F.3d 40, 44 (1st Cir. 2012); Rodríguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 95 (1st Cir. 2007). Whilst detailed factual allegations are not necessary, the complaint must contain "more than a rote recital of the elements of a cause of action." Rodríguez-Reyes v. Molina-Rodríguez, 711 F.3d 49, 53 (1st Cir. 2013); see also Shay v. Walters, 702 F.3d 76, 82 (1st Cir. 2012). In considering a motion to dismiss, however, the court should accept "as true all well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiffs." Gargano v. Liberty Int'l Underwriters, Inc., 572 F.3d 45, 48 (1st Cir. 2009) (citing Fitzgerald v. Harris, 549 F.3d 46, 52 (1st Cir. 2008)).

### 2.   The Knowledge Element of Induced Infringement

A person or entity which "actively induces infringement of a patent [will] be liable as an infringer." 35 U.S.C. § 271(b). To establish inducement the plaintiff must show that the alleged inducer: "[1] knew of the patent, [2] knowingly induced the infringing acts, and [3] possessed a specific intent to encourage another's infringement of the patent." Vita-Mix Corp. v. Basic Holding, Inc., 581 F.3d 1317, 1328 (Fed. Cir. 2009) (citing DSU Med. Corp. v. JMS Co., 471 F.3d 1293, 1304-05 (Fed. Cir. 2006) (en banc in relevant part)); see also Global-Tech Appliances, Inc. v. SEB S.A., 131 S. Ct. 2060, 2068 (2011); Bill of Lading, 681 F.3d at 1339. Further, as actual knowledge of the purported infringement is necessary to establish a claim of induced infringement, where the alleged inducer is not the primary infringer the alleged inducer must have had knowledge of the patent in question combined with an intent to cause the infringing acts, for example, by providing third-parties with a product which does not have any substantial non-infringing uses. See, e.g., Hughes Aircraft Co. v. National Semiconductor Corp., 857 F. Supp. 691, 699-700 (N.D. Cal. 1994).

Must the alleged inducer have this knowledge prior to the filing of the suit or can the filing of the suit itself trigger the knowledge if the alleged misconduct continues? This is a contentious issue, and one of first impression before this

court.[2]  Little guidance is to be had from other districts, which are relatively evenly divided on this question.   One school of thought holds that there is "no legal impediment to having an indirect infringement cause of action limited to post-litigation conduct," Apeldyn Corp. v. Sony Corp., 852 F. Supp. 2d 568, 573 (D. Del. 2012), and consequently that the defendant's knowledge, "provided by the filing of the lawsuit [will] satisf[y] the knowledge element for indirect infringement."   Rembrandt Social Media, LP v. Facebook, Inc., No. 1:13cv158, 2013 WL 2950342, at *4 (E.D. Va. June 12, 2013).   In contrast, other courts have required pre-filing knowledge for a claim of induced infringement.   See, e.g., Proxyconn Inc. v. Microsoft Corp., No. 11-1681DOC(ANx), 2012 WL 1835680, at *5-6 (C.D. Cal. May 16, 2012); Brandywine Commc'ns Techs., LLC v. T-Mobile USA, Inc., 904 F. Supp. 2d 1260, 1267-68 (M.D. Fla. 2012).

### a.   Post-Filing Knowledge

Central to the argument that post-filing knowledge is sufficient to establish an induced infringement is the need for efficiency in court proceedings.   See Proxyconn Inc., 2012 WL 1835680, at *7 ("[S]ome courts urge [that] the interests of judicial economy favor denying a motion to dismiss.") (quotation

---

[2]   This issue has been considered by a court in this district.   In that case, however, the judge was not required to decide on this issue and consequently all statements are obiter dicta.   See Select Retrieval, 2012 WL 6045942, at *5-6.

marks omitted).  That there is "no substantive difference between (i) a putative infringer learning of a patent from a plaintiff's letter a day . . . before an infringement suit is filed or served, and (ii) a putative infringer learning of the patent from the filing or service of a complaint," Rembrandt Social Media, 2013 WL 2950342, at *4, lends itself to the conclusion that post-filing knowledge of the patent-in-suit ought be sufficient, though damages would accrue only once the putative infringer learned of the patent.  A defendant ought not be able to avoid liability for induced infringement where it continues to promote infringement of the patent-in-suit after obtaining knowledge of its existence "simply because it happened to learn of the patent in connection with a lawsuit."  Id. (quoting Intellect Wireless Inc. v. Sharp Corp., No. 10 C 6763, 2012 WL 787051, at *11 (N.D. Ill. Mar. 9, 2012)) (internal quotation marks omitted).

### b.  Pre-Filing Knowledge

Those decisions that require a claim of induced infringement to include pre-filing knowledge of the patent-in-suit dispute the reality of this alleged efficiency, reasoning that the efficiency obtained is somewhat of a false economy, and that the argument gives "too little weight to the judicial inefficiencies and parties' expenses in litigating potentially meritless claims."  Proxyconn Inc., 2012 WL 1835680, at *7

(foreseeing the situation where induced infringement is alleged based upon post-suit knowledge, the conduct is ceased upon notice at filing, yet a motion to dismiss could not be granted).

These decisions also cite the Supreme Court's ruling in Global-Tech Appliances, 131 S. Ct. at 2068, that a claim for induced infringement requires "knowledge of the existence of the patent that is infringed," and argue that holding that a complaint provides sufficient knowledge vitiates this explicit requirement. Brandywine Communications Technologies, LLC v. Casio Computer Co., Ltd., 912 F. Supp. 2d 1338, 1346 (M.D. Fla. 2012); see also T-Mobile USA, 904 F.Supp. 2d at 1268-1269. If post-filing knowledge is sufficient then all complaints will automatically satisfy this requirement upon filing, and it would be superfluous.

Finally, Federal Rule of Civil Procedure 11(b)(3) requires that factual contentions made in a pleading have "evidentiary support." Fed. R. Civ. P. 11(b)(3). It is difficult to perceive how a plaintiff, when relying upon post-filing knowledge to satisfy the requirements of a claim of induced infringement, can have any evidentiary support for its claim at the time of filing.

Whilst as a practical matter the argument for post-filing knowledge makes considerable sense, given the ethical requirements of the Federal Rules of Civil Procedure, pre-filing

knowledge of the patent must be established before a claim of induced infringement may succeed.    This requirement, however, would not prevent a plaintiff from filing and then subsequently amending its filing were the defendant to continue to induce others to infringe, though any damages would be confined to conduct after the filing of the complaint.

### 3.   Application in this Case

This Court concludes that the arguments requiring pre-filing knowledge are more persuasive, as there is no bar to a plaintiff subsequently amending a complaint to include a claim of induced infringement where the defendant, upon obtaining knowledge through the filing of the lawsuit, of the patent and the alleged direct infringement of others, does not cease inducement.    It must be noted, however, that any damages would be confined to post-filing conduct.

### a.   Pre-Filing

Here, Fujitsu is not alleged to be the primary infringer; rather, TSMC makes products which allegedly infringe the patents-in-suit and these are then incorporated by Fujitsu in the products which it manufactures.    2nd Am. Compl. ¶ 28. Consequently, for Zond to state a claim of induced infringement against Fujitsu it must allege both knowledge of the patent and knowledge of TSMC's use of the patented processes.    Whilst Zond alleges that Fujitsu had pre-filing knowledge of the patent, <u>see</u>

Id. at ¶ 36, the second amended complaint contains no allegations concerning Fujitsu's knowledge of TSMC's infringement of the patents.   Further, the allegation that "unique manufacturing processes had to be developed by or for Fujitsu that . . . employ Zond's patented technology," id. ¶ 28, does not provide any factual basis from which Fujitsu's actual pre-filing knowledge may be inferred.   Zond does not allege pre-filing knowledge of the patent and its use sufficient to support a pre-filing willful infringement claim and therefore this Court GRANTS Fujitsu's motion to dismiss the pre-filing induced infringement claim, ECF No. 26.

### b.   Post-Filing

Zond has, however, twice amended its complaint against Fujitsu.   Knowledge of the patent and TSMC's conduct may be inferred from the filing and serving of the second amended complaint, see e.g., Rembrandt Social Media, 2013 WL 2950342, at *4-5; Casio Computer Co., 912 F. Supp. 2d at 1346.   Whilst the original pleading could not have satisfied the knowledge requirement, as Zond has amended its complaint, Fujitsu's post-complaint knowledge of the patents-in-suit and their use by TSMC properly may be inferred.

c.   **Inducement**

For Zond to sufficiently plead the inducement requirement of 35 U.S.C. section 271(b) it must allege that Fujitsu "induced [a third party's] infringing acts and that [Fujitsu] knew or should have known [its] actions would induce actual infringements." DSU Med. Corp., 471 F.3d at 1306 (quoting Manville Sales Corp. v. Paramount Systems, Inc., 917 F.2d 544, 553 (Fed. Cir. 1990)); see also Golden Blount, Inc. v. Robert H. Peterson Co., 438 F.3d 1354, 1364 n.4 (Fed. Cir. 2006) (holding that intent, sufficient to meet this standard, could be inferred from a combination of knowledge of the patent and a direction to third parties to perform acts which would necessarily have lead to infringement).  Zond's allegations of inducement, however, are entirely conclusory,[3] and the second amended complaint fails to furnish any factual information which would support its conclusions.  In spite of this lack of particularity, given the procedural posture under which this motion proceeds, it is reasonable to infer that Fujitsu knew its conduct, for example, by selling infringing products, 2nd Am. Compl. ¶¶ 52, 59, 66,

---

[3]  Zond's allegations consist of barely more than the statement that Fujitsu is "knowingly and with intent, actively encouraging its customers, suppliers, original equipment manufacturers . . . to use, sell, offer for sale, and import Fujitsu's Infringing Products in a manner that constitutes infringement of one or more claims of the . . . Patent."  2nd Am. Compl. ¶ 52.

73, 80, 87, 94, would induce actual infringement. The patents-in-suit are process patents, and therefore any and all uses of products made using these processes ("Infringing Products") would constitute an infringement of the patent. Id. ¶¶ 25-37. Consequently, in this matter, all third-party uses of the Infringing Products would amount to an infringement of the relevant patent-in-suit. Given this, Fujitsu's (post-filing) knowledge of the patents-in-suit and thus knowledge that any third-party's use of its Infringing Products would constitute infringement, and Fujitsu's subsequent conduct it is reasonable to infer, and this stage in the proceeding, that Fujitsu had the requisite intent to induce infringement.

### d.   Intent to Encourage Infringement

The more difficult issue is whether intent to encourage infringement may also be inferred from Fujitsu's post-filing knowledge of both the existence of the patents-in-suit and their use. Zond's sole allegation regarding encouragement is that Fujitsu, through "advertising, marketing and sales activity," entices its original equipment and design manufacturers to use the allegedly infringing products. 2nd Am. Compl. ¶¶ 52, 59, 66, 73, 80, 87, 94. Whilst a conclusory pleading, see e.g., id. ¶ 52, it seems illogical that the production, for sale, of

goods, for which there is no potential non-infringing use,[4] would not permit a reasonable inference, especially at the motion to dismiss stage that the manufacturer/importer intended to encourage infringement.  See, e.g., Lucent Technologies, Inc. v. Gateway, Inc., 580 F.3d. 1301, 1321-23 (Fed. Cir. 2009); Vita-Mix Corp., 581 F.3d at 1329; DSU Med. Corp., 471 F.3d at 1306.

Thus, for the above reasons Zond has sufficiently stated a claim for post-filing induced infringement and Fujitsu's motion to dismiss this claim is DENIED, ECF No. 26.

## II.  MARKMAN PROCEDURES

Zond has filed a number of separate lawsuits in this district involving these same patents.  Zond, Inc. v. Gillette Co., No. 13-11567-DCJ; Zond, Inc. v. Intel Corp., No. 13-11570-RGS; Zond, Inc. v. Advanced Micro Devices, Inc., No. 13-11577-DPW; Zond, Inc. v. Toshiba America Elec. Components, Inc., No. 13-11581-DJC; Zond, Inc. v. SK Hynix, Inc., No. 13-11591-RGS; Zond, Inc. v. Renesas Elecs. Corp., No. 13-11625-NMG.  In one of these cases, Judge Stearns has scheduled a Markman hearing to construe the claims at issue in this case.  Zond, Inc. v. Intel Corp., No. 13-11570-RGS, Elec. Notice Hearing, ECF No. 30.  With

---

[4] Where there are substantial non-infringing uses of an infringing product, intent to induce infringement cannot be inferred, even where the defendant has actual knowledge that some users may be infringing the patent.  Vita-Mix Corp., 581 F.3d at 1329 (citing Warner-Lambert Co. v. Apotex Corp., 316 F.3d 1348, 1365 (Fed. Cir. 2003)).

the consent of the parties and the agreement of Judge Stearns, his <u>Markman</u> claim construction will apply with full force and effect in this case.  In return, Judge Stearns will permit the defendants in this case fully to participate in his <u>Markman</u> claim construction proceedings.  This is an efficient procedure. I followed it while sitting as a visiting judge in the Western District of Tennessee where Judge McCalla handled the claim construction for the following four cases, <u>Multilayer Stretch Cling Film Holdings, Inc.</u> v. <u>Inteplast Group Ltd.</u>, No. 12-2107-WGY; <u>Multilayer Stretch Cling Film Holdings, Inc.</u> v. <u>Berry Plastics Corp.</u>, 12-2108-WGY; <u>Multilayer Stretch Cling Film Holdings, Inc.</u> v. <u>Intertape Polymer Grp., Inc.</u>, 12-2109-JPM and <u>Multilayer Stretch Cling Film Holdings, Inc.</u> v. <u>MSC Mktg and Tech., Inc.</u>, 12-2112-JPM, though I am handling all other pre-trial aspects of two of them.


**SO ORDERED.**


/s/ **William G. Young**
_____

WILLIAM G. YOUNG
DISTRICT JUDGE